The UNITED STATES of America
v.
John Joseph PROCHASKA, Jr.

No. 11357.

United States Court of Appeals
Seventh Circuit.

April 26, 1955.

Rehearing Denied June 10, 1955.

Major, Circuit Judge, dissented.

George F. Callaghan, Chicago, Ill., for appellant.

Robert Tieken, U. S. Atty., Richard B. Ogilvie, John Peter Lulinski, Asst. U. S. Attys., Chicago, Ill., for appellee.

Before MAJOR, LINDLEY and SWAIM, Circuit Judges.

LINDLEY, Circuit Judge.

Defendant was indicted on the charge that he, with intent to extort from Maurice B. Frank a sum of money, deposited with and caused to be delivered by the Post Office Department, a letter addressed to Frank, containing a threat to injure the person of the addressee, in violation of 18 U.S.C.A. § 876. The document, set forth verbatim in the indictment, is as follows: "Okay, Maurie, this is it, get it and get it straight because you have only one chance. We want $10,000.00 cash in 10's and 20's to be placed by you in a place designated by us in our next letter. You have 5 to 7 days. If you should wish to contact us please do so by advertising under personals in the Tribune. Please Maurie, make it easy on yourself by cooperating fully."

The cause was tried without a jury, on the stipulation of the parties that defendant mailed the letter, as well as others of like import, to the addressee, and that he was apprehended by agents of the Federal Bureau of Investigation immediately after he had picked up a parcel which he supposed contained the money demanded.

Defendant's motion to dismiss on the ground that the letter failed to disclose any threat to injure the person of the addressee was overruled. His motion in arrest of judgment to the same effect was likewise overruled. He assigns error in each of these rulings, contending that any document, in order to amount to an offense under the Statute, must contain an express threat to do injury to the person of the addressee as well as an illicit demand for money, i. e., that the statutory crime of extortion by mail cannot be based on innuendo or implied threats.

The statute provides in pertinent part: "Whoever, with intent to extort from any person any money or other thing of value, so deposits, or causes to be delivered [by the Post Office Department] any communication containing any threat * * * to injure the person of the addressee or of another, shall be fined not more than $5,000 or imprisoned not more than twenty years, or both." 18 U.S.C.A. § 876. We have found no guiding judicial interpretation of this statutory language, but we think it obvious that Congress intended thereby to penalize every extortion demand by mail which is coupled with an express threat or with any language or expression which carries with it the reasonable connotation of a threat to injure the person of the addressee. Our decision, therefore, must depend on whether the essential significance of the language used by defendant necessarily constituted a threat to injure the person of Frank; whether the actual meaning of the language, plus its necessary suggested implications, was such as reasonably to instill in him the actual apprehension of impending bodily harm. We would render the statute impotent and define the crime as one depending on the degree of ingenuity of each individual extortionist, if we were to require that the injury intended be precisely catalogued as to its physical nature or exact method of perpetration.

Measured by the proper test, we are of the opinion that the ruling of the trial court that this indictment was sufficient was sound. Written words or phrases take their character as threatening or harmless from the context in which they are used, measured by the common experience of the society in which they are published. Whatever the connotation of the language "Okay Maurie, this is it, get it and get it straight because you have only one chance" and

"Please Maurie, make it easy on yourself by cooperating fully", when used in a different context or in a society different from ours, when employed by members of our society in context with an extortion demand its necessary implications are precisely clear. We note judicially that the slang expressions employed are a part of the stereotyped vocabulary of the Hollywoodesque underworld and are essentially synonymous with a promise of a "one-way ride." As such, they have become a universally understood part of our vocabulary. Not only are they not ambiguous in the connection in which they were here used, but, in fact, they express even more than by connotation a well nigh explicit threat of bodily harm. The admonitions that "you have only one chance" and "make it easy on yourself" remove any doubt that the threat was addressed to the person of Frank, the addressee.

The judgment is

Affirmed.

MAJOR, Circuit Judge (dissenting).

In my view, the letter set forth in the indictment does not constitute an offense under the provision of the statute relied upon. Assuming that the letter contained a threat, which I think it did, that is not sufficient. It must be a threat "to injure the person of the addressee or of another." It is a matter of speculation and guess as to whether the threat was directed at the person of the addressee or some other person, for instance, a member of the addressee's family. More than that, Congress has not penalized the mere mailing of a threatening letter but has carefully enumerated the persons against whom the threat must be directed and the objects to be accomplished. For instance, in a paragraph following that relied upon it is provided that the sending of a threatening letter "with or without a name or designating mark subscribed thereto, addressed to any other person and containing any threat to injure the property or reputation of the addressee or of another, or the reputa-

tion of a deceased person" shall constitute a crime.

As I already stated, there is no way to ascertain from the letter as to whom or to what the threat was directed. The indictment charged that it was a threat to injure the person of the addressee, but it can be as readily speculated that it was a threat directed at the property or the reputation either of the addressee or some other person. The penalty provided for a violation of this latter section is a fine of not more than $500 or imprisonment of not more than two years or both, while the penalty provided for a violation of the section relied upon is a fine of not more than $5,000 or imprisonment of not to exceed twenty years, or both. With this disparity of punishment between the two provisions, it appears to me that there should at least be sufficient certainty to ascertain which section, if either, has been violated.

I would reverse the judgment.