**UNITED STATES of America,**
**Plaintiff,**

v.

**William W. PENNELL, Defendant.**

**Crim. No. 11616.**

United States District Court
N. D. California, N. D.

July 26, 1956.

See also 144 F.Supp. 320.

Robert E. Woodward, Asst. U. S. Atty., Sacramento, Cal., for plaintiff.

Robert A. Zarick, Sacramento, Cal., for defendant.

HALBERT, District Judge.

Defendant is charged by an indictment with the interstate communication of a threat to injure another in violation of Title 18 United States Code, § 875(c).[1]

---

1. The full text of Section 875, Title 18 United States Code, reads:

"(a) Whoever transmits in interstate commerce any communication containing any demand or request for a ransom or reward for the release of any kidnapped person, shall be fined not more than $5,000 or imprisoned not more than twenty years, or both.

"(b) Whoever, with intent to extort from any person, firm, association, or cor-poration, any money or other thing of value, transmits in interstate commerce any communication containing any threat to kidnap any person or any threat to injure the person of another, shall be fined not more than $5,000 or imprisoned not more than twenty years, or both.

"(c) Whoever transmits in interstate commerce any communication containing any threat to kidnap any person or any threat to injure the person of another,

The charging portion of the Indictment reads as follows:

"* * * the defendant herein, did knowingly, wilfully, and unlawfully transmit and cause to be transmitted in interstate commerce from Tuscon, Arizona, to the City of Sacramento, County of Sacramento, in the Northern Division of the Northern District of California, and within the jurisdiction of this Court, a communication, to-wit: a letter addressed to Mrs. Gloria Pennell, Secretary, Western Pacific Railroad, 3500—24th Street, Sacramento, California, containing a threat to injure the person of another, Mrs. Gloria Pennell."

Defendant has made a motion to dismiss the indictment on the ground that it "does not state facts sufficient to constitute an offense against the United States."

In support of his motion, defendant has advanced two arguments. They are:

1. That under § 875(c) of Title 18 United States Code, a threat to injure, in and of itself, does not constitute an offense, but to be an offense the threat to injure must be coupled with an intent to extort money or other thing of value; and

2. That the letter in question does not contain a threat to injure the person of another.

Both the defendant and the Government have submitted to the Court their respective positions in connection with defendant's motion. No case authorities dealing with the precise points raised by defendant have been submitted by either party, and none has been found by the Court. It is, therefore, necessary to make an initial examination of the statute in question in the light of the arguments advanced by the defendant.

Defendant's first argument might have been a valid one if it had been advanced prior to the amendment of the Statute on May 15, 1939. However, the plain language of the Statute, as it now reads, and the legislative history of the Statute, make it clear that Congress intended that the transmitting in interstate commerce of a communication threatening to injure the person of another should be, in and of itself, sufficient to constitute a violation under the Statute. A reading of the Statute as a whole, and subsection (c) in particular, patently shows the intention of Congress to make the threat to injure the person of another an offense, in and of itself, as well as to make it an offense when the threat is coupled with an attempt to extort. In subsection (c), there is no requirement of an intent to extort as there is in subsections (b) and (d), and further, it is to be noted that Congress has provided for a distinction in the penalty depending upon whether there was or was not an intent to extort, when there was a communication threatening to injure the person of another. Congressional intent is to be sought and, if possible, found primarily in the Statute under consideration, and when the language of the Statute expresses an intention reasonably intelligible and plain, this intent, thus expressed, must be accepted by the courts without modification by resort to construction or conjecture or otherwise. In re Shear, D.C., 139 F.Supp. 217.

From the legislative history of § 875 (c), it is apparent that Congress meant what it plainly and obviously said in this section, namely, that anyone who transmits in interstate commerce a communication containing a threat to injure the

shall be fined not more than $1,000 or imprisoned not more than five years, or both.

"(d) Whoever, with intent to extort from any person, firm, association, or corporation, any money or other thing of value, transmits in interstate commerce any communication containing any threat to injure the property or reputation of the addressee or of another or the reputation of a deceased person or any threat to accuse the addressee or any other person of a crime, shall be fined not more than $500 or imprisoned not more than two years, or both."

person of another commits a violation of this Statute. As originally enacted on May 18, 1934, C. 300, 48 Stat. 781, this Statute required that the threat to injure the person of another be coupled with the intent to extort money, or other thing of value, before there could be a violation of the law. Congress, at the request of the Department of Justice, amended the Statute on May 15, 1939, C. 133, Sec. 2, 53 Stat. 743, for the purpose of making the various extortion Statutes uniform, and for the further purpose of making the transmitting in interstate commerce of a communication containing a threat to injure the person of another an offense, in and of itself. Sen.Rep.No. 349, 76th Cong., 1st Sess. (1939); H. R. No. 102, 76th Cong., 1st Sess. (1939). There can be no doubt that Congress intended to make a charge, such as the one now before this Court, a criminal offense under this statute.

The second argument advanced by defendant in support of his motion to dismiss the indictment is that the letter (communication) transmitted in interstate commerce does not in fact contain a threat to injure the person of another. The body of the letter [2] reads as follows:

"I'm sorry that you have not seen fit to give me your home address * * * the address of my daughter.

"I have also had *reports* of your continued nefarious and immoral conduct * * * and I shall in the very near future be in Sacramento to deal with you and your cohorts. I dislike very much having to deal with you and your men in this manner—but there seems to be no other way * * * Believe me, Baby, this *is serious now* * * *."

▬ It is defendant's contention that the words "to deal with" do not and cannot constitute a threat to injure the person of another. While it is true that these words taken alone, and out of context, may not constitute a threat, the test of whether words or phrases are harmless or threatening is the context in which they are used, measured by the common experience of the society in which they are used. United States v. Prochaska, 7 Cir., 222 F.2d 1, certiorari denied 350 U.S. 836, 76 S.Ct. 73. Under a Statute such as § 875(c), there is an offense when the language or expression used carries a reasonable connotation of a threat to injure a person. See: United States v. Prochaska, supra. It, therefore, follows that the words "to deal with" cannot be taken from context and isolated for the purpose of determining whether the letter does in fact contain a threat. Looking at these words in the text, where they are alleged to have been used by the defendant, it cannot be said as a matter of law that there is no threat to injure the person of Mrs. Gloria Pennell. Whether these words constitute a threat to Mrs. Pennell is a question of fact for the trier of the facts, and not a question to be determined by this Court at this time on a motion to dismiss.

By way of conclusion, it should be noted that defendant does not challenge the indictment other than to claim that it does not state facts sufficient to constitute an offense against the United States. The indictment is patently sufficient to inform the defendant that he is charged with a specific violation of Title 18 United States Code, § 875(c). Whether the language used by the defendant is, as the Government contends, a real and actual threat to injure the person of another, or whether it is, as the defendant contends, no threat at all, is a question of fact for the trier of the facts, and this question cannot be determined on this motion to dismiss.

It is, therefore, ordered that defendant's motion to dismiss the indictment in this case be, and the same is, hereby denied.

---

2. By motion for a bill of particulars, the defendant sought and obtained a copy of the letter which the Government contends is the threatening communication. A photostatic copy of the letter is now in the file of this case, and it is before the Court for consideration in connection with this motion.