**UNITED STATES of America, Plaintiff,**

v.

**William W. PENNELL, Defendant.**

Crim. No. 11655.

United States District Court
N. D. California, N. D.
July 26, 1956.

Robert E. Woodward, Asst. U. S. Atty., Sacramento, Cal., for plaintiff.

Robert A. Zarick, Sacramento, Cal., for defendant.

HALBERT, District Judge.

This is a companion case with United States v. Pennell, D.C., 144 F.Supp. 317 in which a motion to dismiss the indictment was this day decided by this Court.[1] The parties are the same, and the alleged offense grows out of the same circumstances that were the background for the previous alleged offense. In this case, defendant is charged by an indictment with mailing a threatening communication in violation of § 876 of Title 18 of the United States Code. The charging portion of the indictment, which is pertinent here, reads as follows:

> " * * * the defendant herein deposited in the United States Post Office or authorized depository for mailing matter at Tuscon, Arizona, a letter addressed to Mrs. Gloria Pennell, * * * Sacramento, California, to be delivered by the Post Office Department * * * at Sacramento * * *, a communication containing a threat to injure the person of another."

Defendant has made a motion in this case to dismiss the indictment on the grounds that it "does not state facts sufficient to constitute an offense against the United States."

In support of his motion, defendant has again sought to make two points, one of which, the first, is for all practical purposes, the same as the first argument advanced by defendant in United States v. Pennell, D.C., 144 F.Supp. 317.

As before, no case authority dealing with the precise points raised by defendant has been submitted by either party, and none has been found by the Court. Again it is, therefore, necessary to make an initial examination of the Statute in question in the light of the arguments advanced by the defendant.

1. United States v. Pennell, supra, 144 F.Supp. 317.

■ While a different Statute is involved in this case, defendant's first point is without merit for the same general reasons that it was without merit in the previous case. These reasons may again be summarized as follows:

1. An unbiased reading of the subsection of the Statute in question [2] shows clearly that Congress never intended, as defendant contends, that the threat to injure the person of another had to be accompanied by an intent to extort, but to the contrary, Congress intended to make it an offense, in and of itself, to send a threat to injure the person of another through the mails.

2. The legislative history of § 876 shows clearly that Congress intended that the mailing of a letter (communication) containing a threat to injure the person of the addressee or of another, should be an offense, in and of itself.[3]

■ As part of his argument on his first point, defendant urges that the amendment in 1939, though making § 876 much broader, did not make the section broad enough to include a threat made to prevent adultery, but this argument is also without merit. It is obvious from the Statute itself that its only requirement is that there be a threat to injure the person of another, and it makes no difference what purpose may be behind the threat.

Defendant's second point is that the threat contained in the letter is a threat to injure a nonexistent person, and that such an idle threat is not an offense under § 876. The portion of the body of the letter, which is pertinent here, reads as follows:

"The guy you are *now* shacking up with is going to look *real cute* with a small *hole* (*size* 22) in his head. * * * I now know his name and address an will atend *(sic)* to the matter as soon as I can get there. * * * I'm sure you'll get him on the phone *now* to tell him * * * but he can't *run* too far away from Sac. * * * I mean this * * * Baby * * * it wont *(sic)* work this time * * *".

■■ In this letter defendant asserts that he knows the "name and address" of "the guy", which must of necessity give rise to the conclusion that there was actually some person that defendant had in mind when he wrote the letter. It is only now on his motion to dismiss that defendant contends that there is not and never was any such person. For this statement, the Court has only defendant's unverified word at this time. Only a moment's reflection makes it apparent

---

2. It is the third paragraph of § 876 of Title 18 United States Code, which is the basis for the indictment in this case, and it reads as follows:

"Whoever knowingly so deposits or causes to be delivered as aforesaid, any communication with or without a name or designating mark subscribed thereto, addressed to any other person and containing any threat to kidnap any person or any threat to injure the person of the addressee or of another, shall be fined not more than $1,000 or imprisoned not more than five years, or both."

3. § 876, Title 18 United States Code, was first enacted July 8, 1932, C. 464, Sec. 1, 47 Stat. 649, and amended on June 28, 1935, C. 326, 49 Stat. 427. This section was amended on May 15, 1939, C. 133, Sec. 1, 53 Stat. 742, as was § 875, and the amendments to both Statutes were for the very same purposes, among which

was to make it unnecessary that there be an intent to extort money or other thing of value in order for there to be an offense under the Statute when there was a threat to injure the person of another. Sen.Rep. No. 349, 76th Cong., 1st Sess. (1939); H.R. No. 102, 76th Cong., 1st Sess. (1939). As amended, both Statutes provide for an offense when there is a threat of injury to the person coupled with the intent to extort, and for another and separate offense where there is alone a threat of injury to another person. The distinction between the two situations is readily apparent when the penalty is considered. The penalty when there is an intent to extort is a fine of not more than $5,000 or imprisonment for not more than twenty years, or both, and when there is no intent to extort, the penalty is a fine of not more than $1,000 or imprisonment for not more than five years, or both.

that defendant is now seeking to go outside what is in the indictment and argue what he believes, or at least asserts, the facts to be. This, he may not do. For the purpose of this motion to dismiss, the Court must take the facts from the allegations of the indictment, and not from the arguments of the parties, United States v. Silverman, D.C., 129 F.Supp. 496, and all allegations well pleaded in the indictment must be taken as true. United States v. Chrysler Corp., 9 Cir., 180 F.2d 557, and United States v. J. R. Watkins Company, D.C., 16 F.R.D. 229. Whether or not there was a "guy" who would "look *real cute* with a small *hole* (*size* 22) in his head" is something that the trier of the facts will have to determine, and nothing that must be determined from the existence or nonexistence of such a person can be adjudicated on this motion to dismiss, where all of the well-plead facts in the indictment must be accepted as true.

No point raised or sought to be raised by defendant entitles him to have his motion granted.

It is, therefore, ordered that defendant's motion to dismiss the indictment in this case be, and the same is, hereby denied.

