Frank Stokes DAVIS, William Howard McDowell, Nollie Garnett Cope, Robert Lee Dowell, Grady Lee Estep, and Eugene Edward Kennedy, Appellants,

v.

UNITED STATES of America,
Appellee.

No. 8001.

United States Court of Appeals
Fourth Circuit.

Argued May 30, 1960.

Decided June 6, 1960.

John L. Nettles, Florence, S. C., and W. M. Nicholson, Charlotte, N. C. (H. E. Yarborough, Jr., Florence, S. C., on the brief), for appellants.

Lafayette Williams, Asst. U. S. Atty., Yadkinsville, N. C. (James E. Holshouser, U. S. Atty., Greensboro, N. C., on the brief), for appellee.

Before SOBELOFF, Chief Judge, HAYNSWORTH, Circuit Judge, and BARKSDALE, District Judge.

PER CURIAM.

These defendants were convicted by a jury in the United States District Court for the Middle District of North Carolina on an indictment charging a conspiracy to violate the laws relating to distilled spirits, 18 U.S.C.A. § 371. The broad claim of error which they press on this appeal is that they were denied a fair and impartial trial. They cite, in support of this claim, the following incidents of the trial: (1) the allegedly excessive questioning of witnesses by the District Judge; (2) a discussion between the judge and counsel out of the jury's presence relating to a motion to suppress evidence; (3) the judge's tolerating the District Attorney's argument to the jury which is said to have referred indirectly to the defendant's failure to take the stand; and (4) the judge's summation of the evidence in his charge to the jury.

We have examined the record bearing on the incidents cited and find nothing in them warranting criticism of the conduct of the trial.

The questions addressed by the judge to the witnesses were neither improper nor excessive in amount. They were well within reasonable limits, were calculated to clarify the testimony, and seem to have had that effect. Nor were the questions partial to the Government; such interventions as the judge made from time to time did not violate his role of neutrality.

The United States Attorney's argument cannot be said to have constituted a forbidden comment on the failure of the defendants to testify. He merely reviewed certain testimony and added, truthfully, that there was no evidence in contradiction.

Finally, we discover no ground for complaint either in the judge's remarks made out of the jury's presence, or in his charge, which was a fair and balanced review of the testimony.

Affirmed.