UNITED STATES of America, Appellee,

v.

James Edward DUTSCH, Appellant.

No. 10198.

United States Court of Appeals Fourth Circuit.

Argued Jan. 7, 1966.

Decided March 2, 1966.

* By designation.

James B. Power, Norfolk, Va. (Court-assigned counsel), (Smith & Power, Norfolk, Va., on brief), for appellant.

Roger T. Williams, Asst. U. S. Atty. (C. V. Spratley, Jr., U. S. Atty., on brief), for appellee.

Before SOBELOFF and J. SPENCER BELL, Circuit Judges, and BUTLER, District Judge.

SOBELOFF, Circuit Judge:

James Dutsch, the adopted son of Mrs. Lettie Irene Dutsch, appeals from a conviction under 18 U.S.C. § 875(c) (1958) [1] of transmitting a telephone communication in interstate commerce, in which he threatened injury to her. The case was tried on August 5, 1965, in the Eastern District of Virginia before Judge Hoffman and a jury. Following conviction, the Judge remanded appellant to the custody of the Attorney General under the Federal Youth Corrections Act, 18 U.S.C. §§ 5010–5024 (1958). The sole question on this appeal is whether the trial court properly admitted evidence of an episode occurring five years earlier in which Dutsch shot and wounded his mother.

At the time of the phone call in question appellant was 21 years old, but he had lived with his adoptive parents only about eight months in the preceding five years. In March of 1965, his father had co-signed a note for Dutsch's purchase of a Ford convertible. Dutsch then left his home in Virginia Beach for Los Angeles. He failed to meet the first payment on the car, and when the father was financially unable to make payment, the bank repossessed the car, acting upon information given them by Mrs. Dutsch as to the son's whereabouts.

Immediately following the repossession appellant telephoned his mother, on April 14, 1965. She testified to the following colloquy:

"He said, 'You had my car repossessed,' and I said, 'Son, the bank did that,' and he said, 'Well' said, 'I'm coming back to Norfolk'; said, 'I don't know when I'll get there,' said, 'but I'll be back,' and said, 'I'll get you this time'; says, 'I won't miss,' says—says, 'I'm going to show you all you're not as damn smart as you

---

1. "Whoever transmits in interstate commerce any communication containing any threat to kidnap any person or any threat to injure the person of another, shall be fined not more than $1,000 or imprisoned not more than five years, or both."

think you are,' and I can't remember exactly—he said—he says, 'You can have the law there, or whatever you please, but,' said, 'I'll not miss this time.'"

The prosecuting attorney then asked the witness the significance of the words "I'll not miss this time," and before she was permitted to explain, the court admonished the jury that evidence of any prior incident was relevant to show only (a) whether Dutsch intended a threat by the use of the quoted language; and (b) whether the call was of such a nature as reasonably to have induced fear in his mother. The Judge specifically cautioned the jury that the prior incident should not be considered as evidence of a "propensity or disposition on the part of the defendant to commit this particular crime for which he is charged * * *."

Mrs. Dutsch then related that about five years previous to the phone call, when the defendant was 16 years old, he became "rather upset" when his parents were unable to buy him a car, and that soon afterward her son shot her. It was disclosed in chambers, out of the jury's presence, that following this incident Dutsch was convicted of attempted murder and committed as a juvenile offender.

■■ In arguing that testimony concerning the 1960 incident was improperly admitted, the theory of defense counsel is that it related primarily to defendant's character and his disposition to commit offenses similar to the one charged, and further that the lapse of five years between the two events rendered evidence of the earlier one inadmissible. However, a conviction under 18 U.S.C. § 875 (c) requires a showing that a threat was intended, see Seeber v. United States, 329 F.2d 572, 577 (9th Cir. 1964).[2] Evidence

that the defendant harmed his mother in 1960, shortly after she had refused to buy him a car, was relevant to show that when he called, after the Ford was repossessed, and told her "I'll be back," "I'll get you this time," and "I won't miss," he intended to threaten the same type of harm he had previously inflicted on her.

■ A prosecutor may not establish a defendant's guilt by offering testimony of unrelated offenses. Lovely v. United States, 169 F.2d 386 (4th Cir. 1948). Bolstering the case in this fashion is forbidden. However, relevant testimony is not rendered automatically inadmissible because it discloses prior criminal conduct, see 1 Wigmore, Evidence § 216 (3d ed. 1940). Here the event testified to was directly related to the offense charged, the significance of the words spoken over the telephone, otherwise arguably ambiguous, becomes clear only in light of the 1960 shooting. And the trial judge's precautionary instruction, repeated in the final charge, emphasized the limited purpose for which the testimony was admitted. Under these circumstances, the trial court was clearly within the bounds of its discretion in permitting this testimony. Cf. United States v. Hutchison, 352 F.2d 404 (4th Cir. 1965).

Counsel in this case was appointed for the defendant before August 20, 1965, the effective date of the Criminal Justice Act, which provides compensation for services of court-appointed counsel. See 78 Stat. 552, 18 U.S.C.A. § 3006A (d). He has represented his client with great ability and earnestness both in the District Court and on appeal. The court expresses its appreciation for his conscientious performance of professional duty. It is concluded, however, that there was no error in the trial.

Affirmed.

---

**2.** It is unnecessary under subparagraph (c) of § 875 to show an intent to extort money; repossession of the Ford related solely to the motive for the call and alleged threat. See United States v. Pennell, 144 F.Supp. 317 (N.D.Cal.1956).