Robert William **NEWELL**, Petitioner,

v.

**A. E. SLAYTON, Jr.,** Superintendent of the Virginia State Penitentiary, Respondent.

**Misc. No. 454–71–N.**

United States District Court,
E. D. Virginia,
Norfolk Division.

Dec. 21, 1971.

James E. Kulp, Asst. Atty. Gen., Richmond, Va., for respondent.

Newell, pro se.

## MEMORANDUM ORDER

MAC KENZIE, District Judge.

Petitioner, a state court prisoner, forwarded to this court a petition for a writ of habeas corpus, received by the Clerk of this Court on July 30, 1971.

An order of August 18, 1971, called for respondent to answer, and said answer was received September 10, 1971.

Petitioner was convicted in the Circuit Court of the City of Virginia Beach, Virginia for the crimes of rape and burglary upon pleas of not guilty, after a jury trial on October 31, 1968. Sentencing took place on February 4, 1969. Sentences of twenty-five (25) years and eight (8) years, respectively, in the State Penitentiary, were imposed, such terms to run consecutively.

Upon direct appeal, the trial court was affirmed October 14, 1969.

A state writ of habeas corpus proceeding denied relief without a plenary hearing November 20, 1970, and relief was further denied upon appeal June 15, 1971.

■■ The petitioner first alleges a denial of due process in that he was held in custody for some fifty (50) days or more before being taken before any court for a preliminary hearing on these charges. The record indicates that the petitioner was first questioned by Virginia Beach police concerning these charges on April 20, 1968, at which time the petitioner was in custody of Chesapeake City police on other charges. He was again seen by Virginia Beach police in May, 1968 but afterwards, was left in Chesapeake police custody. The petitioner was not detained by Virginia Beach police on the rape and burglary charges, here involved, until July 22, 1968. He was afforded a hearing before a judge on July 26, 1968. The record, therefore, affords evidence that the alleged fifty (50) days' detention was not in relation to the charges of burglary and rape in question. Furthermore, it is well established that mere delay between arrest and a preliminary hearing does not constitute a constitutional deprivation unless some substantial prejudice can be shown to flow from such delay. Gamez v. Beto, 406 F.2d 1000 (5th Cir. 1969). The petitioner himself admits that no incriminating statements were made by him on either occasion of questioning after April 20, 1968. Under these circumstances, we find no merit in this claim.

■■ The petitioner's second claim is that the trial court erred in the admission into evidence of a "Waiver of Rights" form signed by him and certain testimony of a police officer relating to the form. The petitioner fails to allege any constitutional deprivation that flowed from the admission of such evidence. Errors of a trial court in admitting evidence do not support habeas corpus relief unless such admission of evidence resulted in some constitutional deprivation. Grundler v. State of North Carolina, 283 F.2d 798 (4th Cir. 1960). No confession or incriminating statements are alleged to have resulted from interrogation after waiver. Furthermore, three police officers, Barone, Cuttrell, and Martin, indicated in sworn testimony that the petitioner was fully and properly advised of his rights and waived such rights freely and knowingly. Under these circumstances, petitioner's second contention is without merit.

■ Third, petitioner claims denial of his constitutional right to remain si-

lent because the prosecuting attorney, in closing argument, mentioned petitioner's failure to produce witnesses to support his alibi. Counsel are permitted wide latitude in argument before a jury and its is entirely proper argument to comment on the defendant's failure to produce witnesses to support his defense or contentions. Herman v. United States, 220 F.2d 219 (4th Cir. 1955), cert. denied, 350 U.S. 971, 76 S.Ct. 444, 100 L.Ed. 843 (1956), State v. Gunnoe, 74 W.Va. 741, 83 S.E. 64 (1914). Accordingly, we find the third allegation without merit.

Fourth, the petitioner alleges that the evidence at trial was insufficient to support a verdict of guilty. It is undisputed that habeas corpus relief is not appropriate upon a claim of insufficiency of evidence unless there appears to have been absolutely no evidence to support the conviction. Grundler v. State of North Carolina, 283 F.2d 798 (4th Cir. 1960). The record of the petitioner's trial affords ample evidence upon which to base a conviction and is undoubtedly in compliance with *Grundler, supra.* This allegation, therefore, is without merit.

Finally, the petitioner complains of jury incompetence. The petitioner points up two occasions, after the judge's instructions, on which the judge was asked whether sentences on the two separate offenses charged would run concurrently or consecutively.

Such inquiry by the jury reveals no inherent unfairness in their deliberations, nor does it indicate incompetence on the part of a jury. Questions by a jury are commonplace and are quite proper. Furthermore, the record indicates that the trial judge took abundant care to advise the jury, upon each inquiry, that they were to consider the two offenses charged separately and assign punishments for each separately. We find nothing upon which petitioner can base a claim for habeas corpus relief. This contention is, accordingly, found to be without merit.