UNITED STATES of America,
Appellee,

v.

Carlo MASTROTOTARO, Appellant.

No. 71-1706.

United States Court of Appeals,
Fourth Circuit.

Argued Nov. 30, 1971.

Decided Feb. 25, 1972.

Joseph J. Balliro, Boston, Mass., for appellant.

J. Frederick Motz, Asst. U. S. Atty. (George Beall, U. S. Atty., on brief), for appellee.

Before SOBELOFF, Senior Circuit Judge, and CRAVEN and FIELD, Circuit Judges.

SOBELOFF, Senior Circuit Judge:

This is an appeal from a jury conviction for aiding and abetting in the transportation of three stolen United States Treasury bills from New York City to Baltimore, Maryland. Appellant was charged with violating 18 U.S.C. §§ 2, 2314 by supplying $25,000 to Vincent C. Teresa in the knowledge that Teresa would use the money as a downpayment for the three stolen bills, each in the face amount of $100,000, and with the further knowledge that the stolen bills were to be transported in interstate commerce. Appellant was indicted and tried with three others who were convicted, but the jury failed to agree as to him and he was retried alone. After the second jury returned its guilty verdict, appellant was fined $5,000 and sentenced to nine years imprisonment.

Mastrototaro's chief grievance concerns the trial court's rulings allowing

testimony by two of his past associates which revealed certain prior crimes and allegedly prejudiced him by reflecting adversely on his character. The evidence complained of came from Vincent Teresa and John M. Hirschfeld, government witnesses who had, at Mastrototaro's first trial, been convicted of complicity in the theft and transportation of the Treasury bills involved in the instant case.

Not objected to at trial or assigned as error on appeal, although denied by the appellant, was Teresa's testimony that appellant did deliver to him the $25,000 and that appellant knew, at that time, the use to which the money was to be put. This testimony was the only direct proof of the passing of the money and of appellant's guilty knowledge.

The appellant contends that it was improper to permit Teresa and Hirschfeld to portray in heavy detail various criminal activities in which they participated with Mastrototaro on other occasions. Appellant further contends that the testimony at issue was not sufficiently connected with the $25,000 to outweigh the prejudicial force with which it colored appellant's character in the mind of the jury.

The bulk of the challenged testimony described the business relationships existing among appellant, Teresa and Hirschfeld, including the arrangement of gambling junkets to London and Haiti and the operation of a gambling casino in the Caribbean. The witnesses' recollection of these subjects was heavily interlaced with accounts of the use of crooked dice, the employment of so-called "mechanics" to manipulate card games and of loansharking whereby appellant, Teresa and Hirschfeld preyed on certain selected customers. The thrust of this evidence was that appellant controlled a loosely-knit gambling and loansharking organization, of which Teresa and Hirschfeld were participants, and that appellant supervised and maintained a measure of control over their activities.

The Government maintains that the testimony here attacked was properly admitted to illuminate the background of the $25,000 loan, to demonstrate the nature of the relationship between the parties, and to explain to the jury why Teresa decided to go to Mastrototaro rather than anyone else for the money.

In evaluating these conflicting claims, we are mindful that wide discretion is invested in the District Judge to balance the possible prejudice to a defendant from the revelation of unrelated crimes against the probative force of the evidence to support the charge in the indictment. United States v. Samuel, 431 F.2d 610, 612 (4th Cir. 1970); United States v. Gardin, 382 F.2d 601 (2d Cir. 1967).

Evidence of the commission of one crime is not admissible merely to prove the defendant a "bad man" and therefore more likely to have committed the crime charged. United States v. Ravich, 421 F.2d 1196 (2d Cir.), cert. denied, 400 U.S. 834, 91 S.Ct. 69, 27 L. Ed.2d 66 (1970); Benton v. United States, 233 F.2d 491 (4th Cir. 1956). Nevertheless, if, in the process of proving an element of the crime, such as intent, knowledge or absence of mistake, the testimony discloses other crimes involving the defendant, it is no objection to the admission of such testimony. See, e. g., United States v. Brickley, 426 F.2d 680 (8th Cir.), cert. denied, 400 U. S. 828, 91 S.Ct. 55, 27 L.Ed.2d 57 (1970); United States v. Chase, 372 F. 2d 453 (4th Cir.), cert. denied, 387 U.S. 907, 87 S.Ct. 1688, 18 L.Ed.2d 626 (1967); United States v. Dutsch, 357 F.2d 331 (4th Cir. 1965).

Although this is a borderline case, we are unable to say that admission of the testimony amounted to an abuse of the trial court's discretion. There was a sufficient link between the testimony complained of and an element of the crime charged, namely, knowledge of the purpose for which the $25,000 was supplied, to support the admission of the challenged evidence. If the Government had limited itself to bare proof of delivery of the money without indicating the context, one might readily

question the story's believability. The transaction Teresa narrated was certainly not a normal one and a juror could well doubt that, out of the blue, Mastrototaro would supply Teresa $25,000 in one hundred dollar bills, as Teresa claimed and Mastrototaro denied.[1] What the disputed testimony clarifies is the motivation of the appellant in delivering the money to Teresa. When the course of prior dealings between the parties is fully explored, Teresa's story becomes not only plausible, but convincing. Moreover, since it was the Government's burden to establish not only that the money was delivered, but that Mastrototaro knew the illegal purpose to which the money was to be applied, it was in order for the Government to trace the parties' course of conduct.

While we conclude that proper limits have not been overstepped in this case, we do not approve of the extremely lavish treatment accorded by the prosecution to some of these matters. A prudent prosecutor limits himself to what is needed to prove the charge in the indictment. In the process of proving the charge, other offenses may sometimes come to light incidentally, but when the prosecution devotes excessive trial time to this type of "background" material, it runs the risk of trespassing into the impermissible area and jeopardizing any resulting conviction. We therefore admonish District Attorneys to observe restraint in the production of evidence of this character.

Our present criticism aside, however, we are persuaded there was a sufficiently strong thread connecting the challenged evidence to an element of the crime charged so that the trial court, in the exercise of its discretion, could find, as it did, that the probative value of the evidence outweighed any prejudice appellant could have suffered.

Appellant, in addition, raises other claims of error. Although not vigorously pressed, we have, nonetheless, carefully considered each of them and find them without substance.

Accordingly, the judgment is

Affirmed.

---

1. Teresa testified that the arrangement was for the payment of $60,000 in all for the $300,000 worth of stolen bills.