Robert William NEWELL, Appellant,

v.

A. E. SLAYTON, Jr., Superintendent of the Virginia State Penitentiary, Appellee.

No. 72–1004.

United States Court of Appeals, Fourth Circuit.

Oct. 5, 1972.

Robert William Newell, pro se.

James E. Kulp, Asst. Atty. Gen., for appellee.

Before SOBELOFF, Senior Circuit Judge, and WINTER and CRAVEN, Circuit Judges.

SOBELOFF, Senior Circuit Judge:

Robert William Newell was convicted in the Circuit Court of Virginia Beach, Virginia, of rape and robbery. Newell appeals from the denial of his petition for a writ of habeas corpus by the United States District Court for the Eastern District of Virginia, at Norfolk. Newell raises a number of contentions, which we have carefully considered and which, for the reasons stated in the order of the District Court, 350 F.Supp. 905, we find to be without merit.

Newell raises one claim, however, which requires additional discussion beyond that given it by the District Court.

The victim testified for the state, and made an in-court identification of the defendant. Newell's mother was the only defense witness, and testified only as to his good character.

Defense counsel asserted that "the defense in this alleged case of rape is consent." He then argued in effect that the testimony of the prosecutrix was unbelievable.

In rebuttal to this argument the prosecutor made a comment to the jury that Newell claims violated his Fifth Amendment privilege to remain silent.

The prosecutor stated:

There is no evidence to explain away her [main government witness] testimony. If he wasn't there where was he? If he wasn't there on March 10th, 1968, where was he? Was he with somebody else? Rest assured, Mr. Murphy [defense counsel] would have had that other person subpoenaed and on this witness stand to explain where he was if he wasn't there.

The prosecution thereby attributed an alibi defense to defendant which defendant never asserted, and then proceeded to demolish that defense.

A leading case concerning Fifth Amendment privileges is Griffin v. California, 380 U.S. 609, 615, 85 S.Ct. 1229, 1233, 14 L.Ed.2d 106 (1965), where the Supreme Court held

that the Fifth Amendment * * * forbids either comment by the prosecution on the accused's silence or instructions by the court that such silence is evidence of guilt.

The Court was dealing in Griffin with direct comment on the defendant's failure to testify and specific statements that the jury could draw an inference of guilt from that silence.

In Newell's case, where the prosecution commented on defendant's failure, not to testify himself, but to produce witnesses to contradict the state's witness, there was no violation of Newell's Fifth Amendment rights under the Griffin rule.

Before Griffin was decided, our circuit held that comments by the prosecution concerning failure of the defense to contradict prosecution witnesses was not improper. United States v. Johnson, 337 F.2d 180 (4th Cir. 1964); Davis v. United States, 279 F.2d 127 (4th Cir. 1960).

The District Court in Newell's case relied upon Herman v. United States, 220 F.2d 219, 225–226 (4th Cir. 1955), where the prosecutor's emphasis on the fact that the Government's witnesses were uncontradicted was held proper because he [the prosecutor] "was entirely within his right in commenting upon the fact that the evidence of the Government was undisputed, since he did not comment on the failure of the defendant to testify."

See also a post-Griffin decision of this court in United States v. Weems, 398 F. 2d 274 (4th Cir. 1968).

The prosecutor in the instant case commented on defendant's failure to contradict the state's witness through other witnesses. By so doing, the state introduced the red herring of an alibi defense, which Newell hadn't himself asserted, and then attacked that purported defense.

While such overzealous tactics should not be encouraged, they in no sense violated Newell's Fifth Amendment privilege against self-incrimination.

The comments did not contain language "manifestly intended or * * * of such character that the jury would naturally and necessarily take it to be a comment on the failure of the accused to testify." Knowles v. United States, 224 F.2d 168, 170 (10th Cir. 1955).

Accordingly, for the reasons stated above, and by the District Court, a certificate of probable cause to appeal is denied, and the appeal is dismissed.