**UNITED STATES of America,
Appellee,**

**v.**

**Earl Franklin COLE, Appellant.**

**UNITED STATES of America,
Appellee,**

**v.**

**Catherine Jean BAKER, a/k/a Catherine
Jean Gault, Appellant.**

**Nos. 73–1509, 73–1510.**

United States Court of Appeals,
Fourth Circuit.

Argued Oct. 4, 1973.

Decided Feb. 21, 1974.

---

* Honorable Frederick van Pelt Bryan, United States District Court for the Southern District of New York, sitting by designation.

Warren E. Magee, Washington, D. C., for appellant Earl Franklin Cole.

Albert J. Ahern, Jr., Baileys Crossroads, Va., for appellant Catherine Jean Baker.

Thomas K. Moore and Joseph A. Fisher, Asst. U. S. Attys. (Brian P. Gettings, U. S. Atty., and David H. Hopkins, Asst. U. S. Atty., on brief) for appellee United States.

Before BOREMAN, Senior Circuit Judge, and CRAVEN and FIELD, Circuit Judges.

PER CURIAM:

Tried by a jury, Earl Franklin Cole, a former General of the United States Army, and Catherine Jean Gault, a former civilian employee of the Army, were convicted on eight counts of a fourteen count indictment which had been returned against them. After a careful examination of the record we are convinced that the General and Gault did not receive a fair trial and, accordingly, that their convictions must be set aside. We further conclude that there was a lack of evidentiary support for the con-

victions on three of the counts and that the district court erred in denying motions for judgment of acquittal on those counts.

The charges stemmed from the service of the defendants in Vietnam during the period when Cole was Deputy Assistant Chief of Staff for CORDS (Civil Operations and Revolutionary Development Support) and Mrs. Gault was employed as his secretary. They involved to a large degree three trips made by Gault to places outside Vietnam in the years 1967 and 1968 pursuant to orders authorized by Cole, and Cole's certification of Gault's claim for overtime pay during periods coincident with these trips. Seven of the counts upon which the defendants were convicted charged them with violations of 18 U.S.C. § 1001 in making false statements relative to the travel vouchers or authorization for these trips by Gault, or for overtime claimed by her on Time and Attendance Reports filed during the periods when she was on such trips. The remaining substantive count upon which Gault alone was convicted charged the defendants with a violation of 18 U.S.C. § 287 in making a fraudulent claim incident to Gault's request for civilian living quarters allowances at a time when she allegedly lived in Government accommodations. In addition to the foregoing, the first count of the indictment charged that Cole and Gault had conspired during the period from June 1966 through October 1972 to commit the substantive offenses. The conspiracy count was dismissed by the court at the end of the Government's case for lack of evidence.

Primarily, we base our decision upon the conclusion that the trial judge overstepped the bounds of judicial propriety by repeatedly injecting himself into the trial and unduly restricting counsel for the defendants in their efforts to defend their clients.

■■ It is, of course, settled beyond doubt that in a federal court the judge has the right, and often an obligation, to interrupt the presentations of counsel in order to clarify misunderstandings or otherwise insure that the trial proceeds efficiently and fairly. United States v. Cassiagnol, 420 F.2d 868, 879 (4 Cir. 1970), cert. denied 397 U.S. 1044, 90 S. Ct. 1364, 25 L.Ed.2d 654 (1970); Davis v. United States, 279 F.2d 127 (4 Cir. 1960), cert. denied 364 U.S. 822, 81 S.Ct. 60, 5 L.Ed.2d 53 (1960); Simon v. United States, 123 F.2d 80 (4 Cir. 1941), cert. denied, 314 U.S. 694, 62 S.Ct. 412, 86 L.Ed. 555 (1941). In the language of Judge Dobie,

> It cannot be too often repeated, or too strongly emphasized, that the function of a federal trial judge is not that of an umpire or of a moderator at a town meeting. He sits to see that justice is done in the cases heard before him; and it is his duty to see that a case on trial is presented in such way as to be understood by the jury, as well as by himself. Simon v. United States, *supra*, at 83.

However, we have previously stated, "this privilege or duty is subject to reasonable limitations," United States v. Cassiagnol, *supra*, and we have endorsed the observation in Groce v. Seder, 267 F.2d 352, 355 (3 Cir. 1959), that

> Where both sides are represented by eminently competent counsel we think it important that the court minimize its own questioning of witnesses, to the end that any such judicial departure from the normal course of trial be merely helpful in clarifying the testimony rather than prejudicial in tending to impose upon the jury what the judge seems to think about the evidence.

■ In the present case both the issues of falsity and materiality depended in a substantial degree upon the interpretation and application of a labyrinth of Army regulations and procedures incident to the Time and Attendance Report forms. The unenviable task of counsel for the defendants to demonstrate to the jury the manner in which these regulations and procedures bore on

the issue of guilt or innocence was compounded by the intrusions of the district judge which tended to portray the defense attorneys as evasive and hypertechnical when, in fact, a detailed inquiry into the actual operation of the various regulations was plainly necessary and appropriate. It would serve no useful purpose to detail all of the instances of undue interruption nor to point out which, if any, of the incidents alone would require reversal. Suffice it to say, however, that in our opinion the cumulative effect was so pervasive and prejudicial that the verdicts cannot stand.

We also think the court erred in admitting evidence of an alleged prior similar offense by Gault. To bolster its case on the four counts involving the Time and Attendance Reports, the Government called as a witness a Colonel Bailey who testified to an incident which had occurred at West Point in the year 1963. At that time the witness was assistant to Cole who was Adjutant General of the United States Military Academy and Mrs. Gault was employed as Cole's secretary. Referring to a Time and Attendance Report presented to him by Mrs. Gault on that occasion, Bailey stated "Well, I questioned the number of hours claimed on the report and asked her to explain them," whereupon the court stated "Without going into the details you determined it was not an accurate report that she wanted you to certify?" This assumptive observation by the court clearly intruded upon the province of the jury and, additionally, was an erroneous summary of Bailey's testimony. Upon cross examination Bailey testified that he asked Gault for an explanation and that she advised him she had been working for General Cole. He further testified that while he advised Cole he disagreed with the report he did not inquire as to the validity of Mrs. Gault's statement that she had been working for General Cole. The basis of Bailey's challenge of the report was that it reflected Gault had been

working on a Saturday when he had not observed her at her desk in the office. Upon cross examination Bailey conceded that on certain occasions both the officers and secretaries performed work outside the office, but when asked by defense counsel whether outside work by Gault on the occasion in question would have made her claim a truthful one, the district judge terminated the questioning as "improper."

 The Government offered this evidence as tending to establish design, motive and intent on the part of Gault, and under proper circumstances such evidence may, of course, be introduced to prove an element of the offense charged. United States v. Baldivid, 465 F.2d 1277 (4 Cir. 1972), cert. denied, 409 U.S. 1047, 93 S.Ct. 519, 34 L.Ed.2d 499 (1972); United States v. Mastrototaro, 455 F.2d 802 (4 Cir. 1972), cert. denied 406 U.S. 967, 92 S.Ct. 2411, 32 L.Ed.2d 666 (1972). However, while this court has never held that prior offenses may be shown only by proof of convictions, we have noted that the convincingness of the evidence that other crimes were committed is a factor that should be weighed in the decision to admit such evidence. United States v. Samuel, 431 F.2d 610, 612 (4 Cir. 1970); Benton v. United States, 233 F.2d 491 (4 Cir. 1956). It has been stated that "for the jury to be entitled to consider it there must of course be substantial evidence of these facts, and some courts have used the formula that it must be 'clear and convincing'," McCormick, Evidence, 1954 ed., p. 331. While the admission of such evidence rests largely in the discretion of the trial judge, in our opinion Bailey's challenge of Gault's statement in 1963 was so tenuous and remote in time from the charges in the indictment that it should have been excluded.

Finally, as heretofore stated, we think the defendants were entitled to a judgment of acquittal on three counts of the indictment. Counts Four and Nine charged that Cole and Gault falsely stat-

ed on certain travel vouchers that Gault "had been on justified and authorized temporary duty travel \* \* \* when in truth and in fact \* \* \* said travel was unjustified and had been fraudulently authorized." Count Five charged that Cole obtained travel orders for Gault by stating that she would be traveling to Alaska and to the mainland of the United States on official business when, in fact, he knew "the purpose of said travel was not for official business."

These counts related to two trips which Gault made to the mainland of the United States and Alaska late in the year 1967 and in the fall of 1968, and the only evidence presented by the Government bearing on these counts was the testimony of Mrs. Mary Tuthill, Mrs. Marjorie Willis who was Gault's daughter, and William Colby. Mrs. Tuthill testified that Gault was a house guest in her home on Long Island for four days in December of 1967 which was during the period covered by Count Four. Mrs. Willis testified that she was a guest in the Tuthill home on the occasion of her mother's visit, and further testified that in the fall of 1968 she saw her mother briefly in Alaska at which time her mother had helped furnish an apartment for her. The testimony of these two witnesses was of little, if any, probative value to the Government's theory that Gault was not on official business on either of these trips since Gault's travel orders expressly authorized leave time for her which was not exhausted by either of the visits testified to by Tuthill and Willis.

Although the witness Colby had been Cole's immediate superior in Vietnam, the district judge would not permit him to testify as to Cole's duties as Deputy Assistant Chief of Staff. He did, however, testify that CORDS had several programs designed to obtain financing for rehabilitation projects and that while he had not personally authorized any official trips for Gault, the stated purposes of her trips were. within the mission of Cole's command and that Cole had authority to order travel in support of that mission. It is clear, and the district court appears to have conceded, that Cole had jurisdiction to authorize the trips and the only remaining question was the official purpose or justification for them.

■ With a complete absence of evidence from the military establishment or elsewhere on this point, the jurors were permitted to make a post-factum appraisal of the validity of these military orders which had been issued in Vietnam some five years before by applying nothing other than their own civilian criteria. The verdicts on these counts were, of necessity, based upon sheer speculation and conjecture, and it is fundamental that a jury should not be asked to determine an issue which can be decided only in that fashion. *Cf.* United States v. Lattimore, 112 F.Supp. 507 (D.C.1953).

The judgments of conviction are reversed and the cases remanded to the district court with directions to enter judgments of acquittal as to counts Four, Five and Nine, and grant a new trial with respect to the remaining counts if the Government should so elect.

Reversed and remanded with instructions.