**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 12-1809**

MARGARET M. AARON,

        Plaintiff – Appellant,

     v.

KROGER LIMITED PARTNERSHIP I,

        DEFENDANT - Appellee.

Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk. Robert G. Doumar, Senior District Judge. (2:10-cv-00606-RGD-FBS)

Submitted: November 6, 2012     Decided: November 13, 2012

Before MOTZ, KING, and AGEE, Circuit Judges.

Affirmed by unpublished per curiam opinion.

John S. Wilson, WILSON & MCINTYRE, PLLC, Norfolk, Virginia, for Appellant. Cathleen Kailani Memmer, Victor S. Skaff, III, GUYNN, MEMMER & DILLON, P.C., Salem, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM

Margaret M. Aaron appeals from the district court's judgment entered pursuant to a jury verdict in favor of Kroger Supermarket, and its order denying her motion for a new trial. Aaron sued Kroger for injuries she sustained in a slip and fall at one of their stores. The jury returned a verdict for Kroger, and Aaron moved for a new trial pursuant to Fed. R. Civ. P. 59. On appeal, Aaron renews her arguments from the motion for a new trial that the trial judge's interventions into her case and comments to the jury compromised her right to a fair trial and that the district court improperly instructed the jury. We affirm.

We review a district court's denial of a motion for a new trial based on partiality or bias for abuse of discretion. United States v. Wilson, 118 F.3d 228, 237 (4th Cir. 1997) (citing United States v. Castner, 50 F.3d 1267, 1272 (4th Cir. 1995)). A new trial will only be granted "if the resulting prejudice was so great that it denied any or all the appellants a fair, as distinguished from a perfect, trial." United States v. Villarini, 238 F.3d 530, 536 (4th Cir. 2001) (quoting United States v. Parodi, 703 F.2d 768, 776 (4th Cir. 1983)) (internal quotation marks omitted).

Upon review of the record, we find that the district court's comments did not result in the necessary prejudice to

2

warrant a new trial. We note that "the judge has the right, and often an obligation, to interrupt the presentations of counsel in order to clarify misunderstandings or otherwise insure that the trial proceeds efficiently and fairly." United States v. Cole, 491 F.2d 1276, 1278 (4th Cir. 1974) (citing United States v. Casiagnol, 420 F.2d 868, 879 (4th Cir. 1971)). The district court's interventions into Aaron's case were for the purpose of clarifying the evidence for the jury and ensuring that evidence was properly presented without undue delay. Further, any prejudice created by the district court's other comments to the jury was adequately cured. See United States v. Quercia, 289 U.S. 466, 472 (1933).

Aaron next argues that the district court's instruction to the jury that it could find for the defense if the unsafe condition was open and obvious was improper. Aaron contends that the district court's instruction did not adequately distinguish between the condition and the hazard created by the condition. We review the decision to give or refuse a proposed jury instruction for abuse of discretion. United States v. Green, 599 F.3d 360, 377 (4th Cir. 2010). We consider "whether taken as a whole and in the context of the entire charge, the instructions accurately and fairly state the controlling law." United States v. Passaro, 577 F.3d 207, 221 (4th Cir. 2009). We conclude that the instructions

3

given did not misstate the law and that the district court did not abuse its discretion by concluding that the distinction sought by Aaron would likely be more confusing than clarifying.

Finally, Aaron argues that the district court erred by giving an insufficient instruction to the jury that it could find for the defense if the condition was so slight that a reasonable person would not anticipate any danger from it. Aaron did not object to the exclusion of this instruction during the trial, raising it for the first time in her motion for a new trial. We therefore review for plain error. See United States v. Robinson, 627 F.3d 941, 953 (4th Cir. 2010). Aaron cites to no authority that indicates that the language she desired was necessary to correctly reflect Virginia law. Thus, the district court did not commit plain error by declining to modify its instruction in the manner sought by Aaron.

Accordingly, we affirm the district court's judgment and order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4