UNITED STATES of America

v.

Anthony Richard AVELLINO, Anthony Asti, Frank Anthony Asti, Kenneth Dean Croyle, Thomas David McMahon, Jr. and John Doe (Vito Joseph Rossello).

Appeal of Anthony Richard AVELLINO.

No. 10925.

United States Court of Appeals Third Circuit.

Argued Oct. 4, 1954.

Decided Nov. 18, 1954.

See also, 216 F.2d 877.

John A. Robb and James Hornick, Pittsburgh, Pa., for appellant.

W. Wendell Stanton, Asst. U. S. Atty., Pittsburgh, Pa., for appellee.

Before MARIS, McLAUGHLIN and STALEY, Circuit Judges.

MARIS, Circuit Judge.

Anthony Richard Avellino, Anthony Asti, Frank Anthony Asti and Kenneth Dean Croyle were convicted in the United States District Court for the Western District of Pennsylvania of the armed robbery of the Johnsonburg National Bank. The indictment upon which they were convicted charged these defendants in count one with the substantive crime of bank robbery, in counts two and three with placing in peril the lives of two bank employees and in count five with conspiracy to commit the substantive offenses, in violation of Sections 2113 and 371 of Title 18, United States Code. Count four charged Thomas David McMahon, Jr., with receiving proceeds of the robbery. McMahon pleaded guilty to that charge and also to count five charging conspiracy. A sixth defendant, John Doe, who had not been apprehended at

the time of the trial, was charged with the substantive offenses and with the conspiracy. Avellino, Anthony Asti, Frank Anthony Asti and Croyle were found guilty by a jury upon counts one, two, three and five of the indictment and Avellino was sentenced to nine years imprisonment on count two and one year on each of the other three counts, all the sentences to be concurrent.

Avellino thereupon appealed to this court. His appeal was subsequently dismissed for failure to prosecute it in accordance with our rules. Later, upon allegations by Avellino that his attorney, since disbarred, in not prosecuting his appeal had failed to protect his interests this court reinstated the appeal and appointed other counsel to represent him. Counsel thus appointed addressed himself to the case with marked industry and ability. His full presentation at argument greatly aided us. He deserves and has the gratitude of the court.

Two basic questions are presented on appeal; first, whether the evidence was sufficient to support the finding by the jury that a conspiracy existed and, second, whether the evidence identifying Avellino as a participant in the crime and as a member of the conspiracy was sufficient to support the jury's verdict.

Addressing ourselves to the question whether there was sufficient evidence of a conspiracy, we note that there was competent testimony to the following effect: The Johnsonburg National Bank is located at Market and Bridge Streets in Johnsonburg, Pennsylvania. On Friday morning, February 15, 1952, about 5:30 A.M. two masked men, who had entered the bank building through a side window on Bridge Street, gagged and blindfolded a charwoman who had just come in to clean the building. The assistant cashier of the bank who entered about 8:20 A.M. was ordered by the two men at gunpoint to open two bank vaults. One robber was heavy-set and the other was shorter and thinner. The lower portion of each robber's face from the bridge of the nose down was covered with a cloth and each

wore a cap with the visor pulled down over his eyes.

At 8:30 A.M. one of the tellers entered the bank and at gunpoint was ordered by the robbers to keep quiet. She had entered the bank through the front door on Market Street. At about the same time another bank employee arrived at the side door on Bridge Street and observing that something was wrong screamed for help. The smaller man thereupon took a bag from the other, ran into the vault and grabbed some money. The men then ordered the assistant cashier to open the side door on Bridge Street. They ran out through that door to a Buick automobile which was parked on Bridge Street opposite to the bank and escaped in it, the larger man driving the car. They had some difficulty in getting the engine started but as the car coasted down the grade the engine picked up and the automobile crossed the intersection at Market Street and sped away. Later in the day the automobile was found abandoned about one-half mile south of Johnsonburg.

■ We are satisfied that this evidence was sufficient to establish not only that the substantive offenses charged in the indictment had been committed but also the existence of the conspiracy to commit them charged in count five. For the evidence made it perfectly clear that the robbery was carried out by two persons in a manner from which the jury could fairly infer that they were proceeding according to a prearranged plan. Agreement upon such a plan would obviously constitute a conspiracy to commit bank robbery, the offense charged in count five. The corpus delicti was thus established by the evidence which we have recounted not only with respect to the substantive offenses but also with respect to the conspiracy charged by the fifth count of the indictment.

■ This brings us to the consideration of the second and more serious question raised on this appeal, namely, whether there was sufficient evidence to support a finding by the jury that Avellino

was a member of the conspiracy and one of the men who engaged in the robbery. The evidence as to this falls into two categories each of which will be discussed.

The first category comprises the evidence identifying Avellino as one of the two robbers at the scene of the crime. This evidence consisted of the testimony of two children, a twelve-year old boy and a thirteen-year old girl, who said that they saw the robbers making their getaway in the Buick car and identified Avellino as the one who was driving the automobile. Counsel strongly urges that this evidence was insufficient and should not have been admitted in view of the ages of the witnesses and their lack of adequate opportunity to observe the features of the fleeing robbers. It is true that each witness had but a brief opportunity to observe the man who was driving the automobile. But each testified that he or she did get an opportunity to see the man and each definitely identified Avellino as that man by pointing him out among those in the courtroom. Under the circumstances we think that the evidence of these children was competent, its credibility, of course, being for the jury to determine. Moreover this evidence finds corroboration in the second category of evidence to which we now turn.

This is the evidence of two witnesses identifying Avellino as the man whom they saw in the neighborhood of Johnsonburg, with a smaller companion, during the evening of the day of the robbery, and the testimony of McMahon, a co-conspirator, that he drove a man whom he identified as Avellino and a co-defendant Frank Asti from the vicinity of Johnsonburg to Buffalo later that same evening. McMahon further testified that during the course of the ride Frank Asti asked Avellino how they got into the bank and Avellino told him that they had entered the bank through a little window, tied up the "char lady" and waited for the man to open the vaults. He also told "about the lady that screamed" and "about the kids that" were "hollering"

outside. Frank Asti also asked him how much he got and he said "Sixty something", according to McMahon.

These statements coupled with McMahon's positive identification of Avellino as the speaker were clearly admissible admissions by Avellino of his connection with the conspiracy and of his participation in the substantive offenses. Counsel attacks McMahon's testimony upon the ground that it was that of an accomplice and that McMahon was untrustworthy and unworthy of belief. His credibility was for the jury, however, under proper instructions which the trial judge gave them on the point.

By its verdict of guilty the jury resolved all these questions against Avellino. Upon this appeal, therefore, the evidence of the Government must be taken as true. We conclude that the evidence was sufficient to support the verdict of guilty rendered against Avellino.

The judgment entered on that verdict will accordingly be affirmed.