**UNITED STATES of America**
v.
**Anthony Richard AVELLINO, Anthony Asti, Frank Anthony Asti, Kenneth Dean Croyle, Thomas David McMahon, Jr. and John Doe (Vito Joseph Rossello).**

**Appeal of Vito Joseph ROSSELLO.**
**No. 10997.**

United States Court of Appeals
Third Circuit.
Argued Oct. 4, 1954.
Decided Nov. 18, 1954.

John A. Robb, Pittsburgh, Pa., for appellant.

W. Wendell Stanton, Asst. U. S. Atty., Pittsburgh, Pa., for appellee.

Before MARIS, McLAUGHLIN and STALEY, Circuit Judges.

MARIS, Circuit Judge.

This is a companion case to that of United States v. Avellino, 3 Cir., 216 F. 2d 875. The opinion of the court in that case states the facts with respect to the bank robbery which was the basis for the prosecution of both defendants. Vito Joseph Rossello, originally indicted as John Doe, was not apprehended until after the trial at which Avellino, Anthony Asti, Frank Anthony Asti and Kenneth Dean Croyle were convicted. Following his arrest he was tried alone and convicted on counts one, two, three and five of the indictment. He was sentenced to ten years imprisonment on counts one, two and three and five years on count five, all to run concurrently. He appealed but his appeal was dismissed because of the failure of his then counsel to prosecute it. Upon his application this court appointed counsel for him and reinstated his appeal.

Substantially the same questions are raised on this appeal as were presented in Avellino's appeal, namely, that the evidence establishing the existence of the conspiracy to rob the bank was insufficient and that the evidence identifying Rossello as a conspirator and a participant in the robbery was likewise insufficient to support the verdict of guilty.

■ We need add nothing to what is said in our opinion in the Avellino case with respect to the evidence establishing the existence of a conspiracy to rob the bank in question. It was clearly inferable from the evidence that the two men who robbed the bank on the early morning of February 15, 1952 acted in accordance with a prearranged plan to which they, at least, had agreed. Indeed the jury could hardly have found to the contrary.

It is a much more serious question whether there was sufficient evidence to connect Rossello with the substantive offenses and the conspiracy. At Rossello's trial there were three witnesses who identified him as the shorter of the two masked bank robbers. These were the assistant cashier of the bank, one of the bank tellers and a fourteen-year old boy. The assistant cashier identified Rossello mainly by his voice, he being the robber who did most of the talking in the bank. The assistant cashier's identification was deliberate and considered. He did not identify Rossello at the opening of the trial but after having heard him testify in court he stated that he was able to identify Rossello on the basis of his voice together with his eyes, height and physical characteristics. The teller who identified Rossello at the trial laid stress upon his eyes which she described as "very black, sharp eyes." There was some suggestion at the trial that Rossello's eyes were actually hazel rather than black. The jury, however, had an opportunity to observe them in considering this witness' credibility.

■ The fourteen-year old boy who identified Rossello was on the sidewalk outside the bank when the robbers ran out of the side door of the bank. He testified that the cloth covering the lower part of Rossello's face slipped down and he thus had an opportunity to observe his face. He definitely identified Rossello as one of the fleeing robbers. In the course of his testimony this witness described the clothing of the robbers in a way which did not agree with the description given by the other witnesses.

Counsel lays stress on this fact. This, however, was a matter for the jury to consider in determining the credibility of the boy's testimony. It did not render it incompetent. It might be urged with more force that this testimony by a youthful witness who had but a fleeting opportunity to observe the robber was insufficient to support the verdict if it had stood alone. But it did not stand alone. On the contrary it was corroborated by the two employees of the bank who had a much better opportunity to observe the robbers even though they were partly masked. Moreover it was corroborated by the other evidence which we are about to discuss.

Counsel strongly urges that the evidence that Rossello had joined the conspiracy was wholly insufficient to support the jury's verdict. The evidence of the three witnesses just mentioned is, however, in direct support of the finding that he was a member of the conspiracy since it indicated, if believed, that he was a direct participant in its culmination, namely, the robbery of the bank. Moreover, there was evidence by the owner of a restaurant on the outskirts of Johnsonburg that on the evening following the robbery two men entered his restaurant, the smaller of whom he identified as Rossello. This witness testified that Rossello made a local telephone call from his restaurant.

At this point we must consider the testimony of Thomas David McMahon, Jr., the co-conspirator who pleaded guilty and testified for the Government. He stated that he was at the taxicab-stand of Anthony Asti that same evening when a telephone call was received and answered by Frank Asti, one of the co-conspirators. Following this telephone call later that evening he drove his automobile to the outskirts of Johnsonburg where he waited for another co-conspirator, Kenneth Dean Croyle, to come by with his automobile. When Croyle passed him, he followed and they both stopped near Wilcox where Avellino and Frank Asti got out of Croyle's car and into that of McMahon. Both cars then

880

drove to Buffalo. On the way they both stopped at Yorkshire Corners for something to eat. At this place there was a diner on each side of the highway. One car stopped on one side of the road and the other car on the other side. A short man alighted from Croyle's car and came across the highway to speak to Avellino telling him to be sure to make a telephone call to Niagara. McMahon testified that at this time he had an opportunity to observe this man and he identified him as Rossello. It was during the course of this trip to Buffalo that Avellino and Frank Asti had the conversations described in our opinion in the Avellino case which, if believed, clearly indicated that Avellino was one of the conspirators who had engaged in the bank robbery from which he was then fleeing.

We think that McMahon's evidence was sufficient to support a finding by the jury that Rossello and Avellino were engaged in a common enterprise on the evening of February 15th. That having been shown by direct evidence, the declarations made by Avellino to Frank Asti became admissible against Rossello to show the nature of their joint undertaking, namely, that it was a conspiracy having as its object the robbing of the Johnsonburg National Bank. For it is well settled that while the declarations of a co-conspirator are not admissible to establish that another defendant has become a member of the conspiracy such declarations are admissible to establish the criminal nature of the combination which other direct evidence has shown that a defendant has joined. Wiborg v. United States, 1896, 163 U.S. 632, 658, 16 S.Ct. 1127, 41 L.Ed. 289; Hitchman Coal & Coke Co. v. Mitchell, 1917, 245 U.S. 229, 249, 38 S.Ct. 65, 62 L.Ed. 260. The weight and credibility of the evidence was of course for the jury to determine. Its verdict established that it had credited the Government's evidence.

The judgment of the district court will accordingly be affirmed.