**UNITED STATES of America**

v.

**William James McCLAIN et al.**

**Appeal of Rodney BYRD.**

**No. 71-1796.**

United States Court of Appeals, Third Circuit.

Argued Sept. 26, 1972.

Decided Oct. 20, 1972.

William J. Brady, Jr., Brady & Flint, Philadelphia, Pa., for appellant.

Robert N. deLuca, Asst. U. S. Atty., Philadelphia,. Pa., for appellee.

Before STALEY and VAN DUSEN, and MAX ROSENN, Circuit Judges.

## OPINION OF THE COURT

PER CURIAM:

Appellant was tried to a jury with three other codefendants in the Eastern District of Pennsylvania on an indictment charging them with four counts of bank robbery in violation of 18 U.S.C. § 2113 and one count of conspiracy to commit bank robbery in violation of 18 U.S.C. § 371. The jury returned a verdict of guilty on all counts. This is an appeal from the judgment of conviction. We affirm.

Appellant raises three main contentions on appeal: (1) there was insufficient evidence of his participation in the robbery; (2) the trial court should not have permitted the jury to consider the testimony of witnesses who violated the trial court's sequestration order; and (3) a comment made by the prosecutor in his closing argument violated appellant's privilege against self-incrimination.

The Government's primary evidence consisted of the testimony of two eyewitnesses to the robbery. One of them, Waldner, identified appellant as the man who had held a gun on him during the robbery. He was positive· in his identification. He explained that the appellant was not wearing a mask or dark glasses during the robbery. The other eyewitness, Mr. White, though uncertain before trial as to whether he could identify any of the robbers, was unequivocal in identifying appellant in the courtroom. A third eyewitness, Bigelow, was less certain but also identified appellant. In addition, the Government offered other corroborative evidence.

Firstly, appellant argues that there are discrepancies in the identification testimony of the witnesses. These discrepancies, at their worst, are only minor. They were matters for the consideration of the jury in weighing the evidence. *See, e. g.,* United States v. Edward, 439 F.2d 150 (3d Cir. 1971); United States v. Avellino, 216 F.2d 877 (3d Cir. 1955). On appeal from the verdict of guilty, the Government is entitled to the benefit of all inferences that may be reasonably drawn from the proven facts. This court should not undertake to weigh the evidence or determine the credibility of the witnesses. The verdict must be sustained "if there is substantial evidence, taking the view most favorable to the Government, to support it." Glasser v. United States, 315 U.S. 60, 80, 62 S.Ct. 457, 469, 86 L. Ed. 680 (1942); *see,* United States v. Blair, 456 F.2d 514, 517 (3d Cir. 1972). There was sufficient evidence before the jury upon which it could find that appellant was one of the participants in the robbery and conspiracy.

Secondly, the appellant contends that the trial judge abused his discretion in permitting the case to go to the jury on the basis of evidence including testimony of witnesses who had violated a sequestration order by discussing the trial among themselves. The general rule is that the trial court may in its discretion exclude testimony of witnesses who violate a sequestration order if the defendant is prejudiced by the violation. *See* Holder v. United States, 150 U.S. 91, 14 S.Ct. 10, 37 L.Ed. 1010 (1893); United States v. Marson, 408 F.2d 644, 650 (4th Cir. 1968), cert. denied, 393 U.S. 1056, 89 S.Ct. 695, 21 L. Ed.2d 698 (1969); United States v. Johnson, 345 F.2d 457, 459 (6th Cir.), cert. denied, 382 U.S. 836, 86 S.Ct. 83, 15 L.Ed.2d 79 (1965). Here, the evidence indicates that only one witness, ·Siddons, was given any information. Siddons emphatically denied that her identification of suspects was at all related to her discussion with the other witnesses. Moreover, the record reveals that her testimony in no way implicated

appellant. In addition, there is no indication that the two witnesses involved in the conversation with her, Waldner and White, were given any information. Thus, we fail to find any abuse of discretion by the trial judge in allowing the testimony of these eyewitnesses to be considered by the jury.

■ Finally, appellant argues that his Fifth Amendment right to remain silent was violated by the following comment by the prosecutor in his closing argument:

> Now, we know this, it is uncontradicted from our evidence if you believe it, from the government's evidence, that only four people were in that bank, and four people sit accused of this crime. There were no witnesses brought in by the defense who would say that these men were somewhere else at the time of this robbery, so you have that to go with. There is no contradiction of the government's case.

We also find no merit in this contention. The comment of the prosecutor was not directed at the failure of the accused to testify;[1] nor could the jury have reasonably construed it as such.[2] Examined in its entirety, the comment merely drew the jury's attention to defendant's failure to present alibi witnesses. This was fair argument and not violative of the principle announced in Griffin v. California, 380 U.S. 609, 85 S.Ct. 1229, 14 L.Ed.2d 106 (1965).

We have considered the other contentions raised by appellant in his brief and at oral argument and find no merit in them.

The judgment of the district court will be affirmed.

---

1. *Cf.* Griffin v. California, 380 U.S. 609, 85 S.Ct. 1229, 14 L.Ed.2d 106 (1965).

2. United States ex rel. Leak v. Follette, 418 F.2d 1266, 1269 (2d Cir. 1969), cert. denied, 397 U.S. 1050, 90 S.Ct. 1388, 25 L.Ed.2d 665 (1970), suggests the following formula for application in this kind of situation: "A formula that has become rather a favorite of many courts, including this one, is 'Was the language used manifestly intended to be, or was it of such character that the jury would naturally and necessarily take it to be a comment on the failure of the accused to testify?'"