**UNITED STATES of America**

v.

**Terry Lee BROWN, Appellant, et al.**

**No. 72–1303.**

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit Rule 12(6) Oct. 19, 1972.

Decided Nov. 6, 1972.

ing court. United States v. Scales, 464 F.2d 371 (C.A. 6, 1972); United States v. Miller, 460 F.2d 582 (C.A.10, 1972); Burge v. United States, 333 F.2d 210 (C.A.9, 1964); United States v. Avellino, 216 F.2d 877 (C.A. 3, 1954).

Finally, error is predicated upon the failure of the district court to sever the appellant's trial from that of his co-defendants. We find this contention also to be without merit.

The judgment of the district court will be affirmed.

Arthur K. Dils, Harrisburg, Pa., for appellant.

Laurence M. Kelly, Asst. U. S. Atty., Scranton, Pa., for appellee.

Before STALEY, GIBBONS and JAMES ROSEN, Circuit Judges.

## OPINION OF THE COURT

PER CURIAM:

Appellant Brown with two codefendants was indicted for violations of Title 18 U.S.C. Sections 2113 and 2. Together with his codefendants, appellant was tried to a jury on a four-count indictment. The jury returned a verdict of guilty on Count 2, not guilty on Count 3, and the court dismissed Counts 1 and 4. On appeal two arguments are advanced.

First, appellant contends that the government did not present credible evidence against him. He urges that the testimony of his former girl friend, who testified on behalf of the government, was unworthy of belief. Clearly, this argument is without merit. "It is not for us to weigh the evidence or to determine the credibility of witnesses." Glasser v. United States, 315 U.S. 60, 80, 62 S.Ct. 457, 469, 86 L.Ed. 680 (1942). Evaluating the credibility of witnesses is for the jury; it is not a function of the review-