UNITED STATES of America,
Plaintiff-Appellee,

v.

Alvin Benton CELCER and George Russel
Slagle, Defendants-Appellants.

No. 74–1631

Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Sept. 5, 1974.

Rehearing and Rehearing En Banc
Denied Dec 5, 1974.

Charles H. Erwin, Dallas, Tex., for defendants-appellants.

Ronald G. Houdyshell, Dallas, Tex. (Court-appointed), for Slagle.

Frank D. McCown, U. S. Atty., R. H. Stephenson, W. E. Smith, Asst. U. S. Attys., Ft. Worth, Tex., for plaintiff-appellee.

Before WISDOM, GOLDBERG and GEE, Circuit Judges.

PER CURIAM:

Appellants Alvin Benton Celcer and George Russel Slagle were indicted, with co-defendants Earnest English and William Ewing, under 18 U.S.C. § 371, for conspiracy to transport stolen goods worth $5000 or more—a Slickcraft boat and boat trailer—in interstate commerce, knowing the goods to have been stolen, in violation of 18 U.S.C. § 2314. Martin Vanaman and Jerry Birdwell were named as unindicted co-conspirators. Appellants Celcer and Slagle and

* Rule 18, 5 Cir.; *see* Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al., 5 Cir. 1970, 431 F.2d 409, Part I.

co-defendant English were tried before a jury November 26 and 27, 1973, and found guilty. On this appeal Celcer seeks reversal on the grounds that: (1) the evidence was insufficient to establish his knowing participation in the conspiracy; (2) the prosecutor improperly elicited from co-conspirator Birdwell a claim of Fifth Amendment privilege and then argued that fact before the jury; and (3) the government improperly offered evidence of extraneous offenses allegedly committed by Celcer. Slagle argues that his conviction should be reversed because: (1) the prosecutor improperly commented on Slagle's failure to produce witnesses to corroborate his defense; and (2) the trial court failed to instruct the jury that there was no evidence that any witnesses were available to corroborate or refute Slagle's defense and that the jury should draw no inferences from Slagle's failure to produce such witnesses. We affirm.

█ The government amply established Appellant Celcer's knowing participation in the conspiracy. Prior to the May 23, 1971, theft of the boat and trailer from Leisure Hours boat company in Addison, Texas, Celcer went with Vanaman and Ewing to see the boat. Vanaman testified that the three of them discussed stealing the boat, and that Celcer's pickup was to be used to deliver the boat to Salt Lake City, Utah. Celcer brought his pickup to Vanaman's garage; when the pickup broke down in Wyoming, Celcer provided a Ryder rent truck to carry the boat the rest of the way to Utah; he took delivery of the stolen boat and trailer from Slagle and English in Salt Lake City; and he traded the boat, trailer, and pickup to one James Cullen for a B–23 bomber and parts. Celcer concedes that the evidence introduced by the government, if believed by the jury, was sufficient to establish the existence of a conspiracy. Clearly Celcer's conduct was such that the jury could have believed beyond a reasonable doubt that Celcer shared a common purpose with the other conspirators. We conclude that the government provided far more than the "slight evidence" needed to prove Celcer's knowing participation in the conspiracy. *See* United States v. Morado, 5 Cir. 1972, 454 F.2d 167, 175, cert. denied, 406 U.S. 917, 92 S.Ct. 1767, 32 L.Ed.2d 116; United States v. Warner, 5 Cir. 1971, 441 F.2d 821, 830, cert. denied, 404 U.S. 829, 92 S.Ct. 65, 30 L.Ed.2d 58. We find no merit in Celcer's claims of prosecutorial misconduct.

█ Appellant Slagle alleges that he was denied his right to a fair trial because the prosecutor improperly commented on Slagle's failure to produce witnesses to corroborate his story and because the district judge did not adequately remedy the harm. Slagle sets forth the objectionable portion of the Assistant United States Attorney's closing argument as follows:

> Don't you know if that boat, the size of it and in this condition, in the middle of the morning while you have got construction workers pounding on nails and whatever on that apartment there wouldn't have been one of them noticing that thing out there on the prairie, that they would bother to find out? They know where the apartment is they say now. They didn't bother to tell anybody about this apartment before. Now they know They wouldn't have found out who the construction workers were, at least one and asked some people, do you remember seeing that big boat at 10:00 o'clock in the morning parked out there in the middle of a field? Think that wouldn't have drawn some attention? (Transcript, p. 310).

This statement does not suggest the existence of any witnesses who would be available to appellant but not to the government. Although it indicates that Slagle might have called additional witnesses, it does not state that he was under any duty to do so. A full reading of the closing argument reveals that the quoted paragraph was but a small part of a lengthy attack on the credibility of Slagle's defense.

Immediately after the objectionable comment was made the trial judge instructed the jury that "[t]he burden is on the Government." And in its general charge to the jury the court stated:

> In a criminal prosecution the burden is wholly upon the government to prove beyond doubt every essential element of the offense alleged. The law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence.

Under these circumstances we believe that any possible error was rendered harmless beyond a reasonable doubt. United States v. Clarke, 5 Cir. 1972, 468 F.2d 890; *cf.* Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705.

Affirmed.