**UNITED STATES of America**

**v.**

**Tommy Charles THOMPSON.**

**Crim. No. 75–68.**

United States District Court,
W. D. Pennsylvania.

Aug. 25, 1975.

---

ing a mistrial based upon the defendant's objection to the prejudicial statement of the Government during its closing to the jury; (3) failed to instruct the jury to ignore the inconsistent statements of the Government's witness, Barbara Golojch; and (4) erred in failing to grant a motion for judgment of acquittal at the close of both the defendant's and the prosecution's case. The defendant also contends that (1) the verdict is against the weight of evidence and contrary to law, and (2) the evidence is insufficient to support the conviction.

The focal point of the defendant's motion rests upon the theory that the Government may not comment on the defendant's failure to call a witness to testify in his favor. The defendant contends that the net effect of the Government's statement tends to be highly prejudicial because the jury will infer that the reason the witness has not testified is because his testimony would be in opposition to the defendant and that his Fifth Amendment right to remain silent has in essence been violated.

The statement at issue is found in the Government's closing argument:

"At that point and time, Agent Hendon here learned that Tommy Thompson is on the same floor with a key witness, and so he was arrested, and when he is arrested, he is advised of his rights and he is asked questions by Agent Hendon, and ladies and gentlemen, this again is uncontradicted, he asks, naturally, 'Where were you the day of the bank robbery, December 23, 1974,' and he says, 'I was with my girl friend, Lois Hilton, all day.'

Ladies and gentlemen, that is not true, and ladies and gentlemen, the United States found it significant that Lois Hilton was here this morning— the girl friend, common-law wife or what have you who Tommy Thompson said was 'with me all day.' Was she called to the witness stand to say

Craig McKay, Asst. U. S. Atty., Pittsburgh, Pa., for plaintiff.

August J. Costanzo, Pittsburgh, Pa., for defendant.

## OPINION

ROSENBERG, District Judge.

This matter is now before me on a motion by the defendant, Tommy Charles Thompson, for a new trial. On April 30, 1975, the defendant was found guilty by a jury on two counts of robbery and assault with a dangerous weapon in violation of 18 U.S.C. § 2113(a) and (d).

The defendant, asking for a new trial, argues that the court (1) erred in admitting a prepared diagram of the possible escape route used by the defendant, because of its prejudicial effect upon the jury; (2) erred in not grant-

'Tommy Thompson was with me all day?' "

First, if the statement had been made and the jury were not made aware of the defendant's rights, there would be a tendency to create a prejudicial effect upon the jury. However, I did instruct the jury very definitely on this point as follows:

"I instruct you that the law does not compel a defendant in a criminal case to take the witness stand to testify and no presumption of guilt may be raised, and no inference of any kind may be drawn, from the failure of a defendant to testify.

Nor is a defendant required to offer any evidence on his behalf, if he chooses not to. The law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence.

However, there is nothing to prevent a defendant from presenting such evidence as he deems appropriate in the trial of a case in which he is charged with crime."

■ It was, therefore, made explicitly clear in the charge that it was the defendant's right not to call a witness and that no inference be drawn from failure to do so. However, the defendant did call his mother as his only witness, and did not call Lois Hilton. Thus the prosecutor's comment was not aimed at the failure of the defendant to testify, but rather at the knowing and voluntary statement made by the defendant, after he was advised of constitutional rights when arrested, that on the day of the bank robbery he was with his girl friend, Lois Hilton. The testimony by Agent Hendon of the FBI went unchallenged. In fact the FBI agent was cross-examined by defense counsel with no further questions as to the defendant being with Lois Hilton. That the defendant did offer his mother's testimony to prove his presence at her home on the pertinent occasion and failed to produce Lois Hilton would be fair subject-matter for the prosecutor to discuss. *United States v. Thompson,* 490 F.2d 1218, C.A.8, 1974; *United States v. Lipton,* 467 F.2d 1161, C.A.2, 1967, cert. den. 410 U.S. 927, 93 S.Ct. 1358, 35 L.Ed.2d 587 (1973). Incidentally, and this is simply surmise, it might have been a matter of strategy that Lois Hilton was not called by the defendant because the Government had already called her for an explanation of how she had obtained certain gloves connected with the robbery.

■ In any event, the jury were amply instructed on the defendant's rights at the trial and that it was the Government that had the burden to prove guilt beyond a reasonable doubt and that the jury was required to make its decision from what was presented in evidence. If any prejudice was caused by the Government's statement, it was subsequently positively counteracted by the charge to the jury. *United States v. Gatto,* 299 F.Supp. 697 (E.D.Pa.1969).

■ Second, it is the law of this Circuit that permits limited comment without a violation of the defendant's right to remain silent. *United States v. McClain,* 469 F.2d 68, C.A.3, 1972. The court, per curiam, in *McClain, supra,* at page 70 held:

"Finally, appellant argues that his Fifth Amendment right to remain silent was violated by the following comment by the prosecutor in his closing argument:

Now, we know this, it is uncontradicted from our evidence, if you believe it, from the government's evidence, that only four people were in that bank, and four people sit accused of this crime. There were no witnesses brought in by the defense who would say that these men were somewhere else at the time of this robbery, so you have that to go with. There is no contradiction of the government's case.

We also find no merit in this contention. The comment of the prosecutor was not directed at the failure of the accused to testify;[1] nor could

[1] Cf. *Griffin v. California*, 380 U.S. 609, 85 S.Ct. 1229, 14 L.Ed.2d 106 (1965).

the jury have reasonably construed it as such.[2] Examined in its entirety,

[2] *United States ex rel. Leak v. Follette*, 418 F.2d 1266, 1269 (2d Cir. 1969), cert. denied 397 U.S. 1050, 90 S.Ct. 1388, 25 L.Ed.2d 665 (1970), suggests the following formula for application in this kind of situation: 'A formula that has become rather a favorite of many courts, including this one, is "Was the language used manifestly intended to be, or was it of such character that the jury would naturally and necessarily take it to be a comment on the failure of the accused to testify?"' "

the comment merely drew the jury's attention to defendant's failure to present alibi witnesses. This was fair argument and not violative of the principle announced in *Griffin v. California*, 380 U.S. 609, 85 S.Ct. 1229, 14 L.Ed.2d 106 (1965)."

See also: *United States v. Whitaker*, 372 F.Supp. 154 (M.D.Pa.1974); *United States v. McCrae*, 344 F.Supp. 942 (E.D. Pa.1972), aff'd. 475 F.2d 1397, C.A.3, 1973.

During the Government's closing argument, Mr. McKay, made comment on the defendant's failure to call Lois Hilton as an alibi witness. As was held in *McClain, supra,* this was fair argument because it was limited only to a failure to call a witness to assure an alibi. See *United States v. Thompson, supra; Newell v. Slayton*, 350 F.Supp. 905 (E.D.Va. 1971), where wide latitude is permitted in closing arguments by counsel to the jury.

Other arguments by the defendant are without merit for the jury is the trier of fact and they alone evaluate the evidence and make their decisions from all that is presented. Here there was overwhelming evidence to produce a guilty verdict on two counts.

Accordingly, the defendant's motion for a new trial will be denied.