**UNITED STATES of America, Plaintiff,**

v.

**Danny E. ATWELL, Defendant.**

**Crim. A. No. 75–154.**

United States District Court,
D. Delaware.

May 7, 1976.

W. Laird Stabler, Jr., U. S. Atty., John H. McDonald, Asst. U. S. Atty., Dept. of Justice, Wilmington, Del., for plaintiff.

Richard K. Goll, Wilmington, Del., for defendant.

## OPINION

MURRAY M. SCHWARTZ, District Judge.

Presently before the Court are Danny E. Atwell's motions for a new trial and judgment of acquittal under Fed.R.Crim.Proc. 33 and 29(c). Following a jury trial in February, 1976, defendant Atwell was convicted of one count of violating 26 U.S.C. § 5861(d) by possession of an unregistered Spitfire machine gun and 5 counts of violating 18 U.S.C.App. § 1202(a)(1). Numerous grounds have been advanced in support of these motions. Since the bulk of defendant's contentions are legally and factually groundless, this opinion treats only those issues that are legally colorable.

### A. *Prosecutorial Comment*

Defendant Atwell argues that he was denied a fair trial by virtue of the prosecution's closing remarks regarding defendant's decision not to call a particular witness. During the trial defendant took the stand in his own defense and claimed that a relative of his, Kenny Wayne Noon, actually owned the guns referenced in the indictment. Mr. Noon was brought to the courthouse pursuant to a defense subpoena and interviewed by defense counsel, but not placed on the stand. The prosecutor, in his summation, alluded to Noon's non-appearance as a factor casting doubt on the defendant's testimony.

Starting with the familiar concept that where a witness is peculiarly available to one party and is not called upon to

testify, an instruction[1] may be given the jury to the effect that an inference may be drawn that the testimony of such putative witness would be unfavorable. *See e. g., U. S. v. Johnson,* 467 F.2d 804, 808 (1st Cir. 1972). However, where the evidence would be merely cumulative or where the witness is equally available to either party, no such inference is permissible. *See, Id.* In addition, if the witness is unavailable no inference may be drawn. *See Bowles v. U. S.,* 142 U.S.App.D.C. 26, 439 F.2d 536, 542 (1970). There is little doubt in the instant case that Noon, if available, was equally available to both parties. Moreover, he might have been unavailable in the sense that, assuming *arguendo* some veracity to Atwell's countercharges, he undoubtedly would have exercised his Fifth Amendment privilege against self-incrimination had he taken the witness stand. *Bowles v. U. S., supra,* 439 F.2d at 541–2. As a result, the prosecutor's statements, at least in the abstract, were arguably improper. Nonetheless, the real inquiry must be whether any harm to the defendant accrued on this basis, or whether any resultant harm was cured by the charge to the jury. *See, U. S. v. Keller,* 512 F.2d 182, 186 (3d Cir. 1975); *U. S. v. McClain,* 469 F.2d 68, 70 (3d Cir. 1972); *U. S. v. Kenny,* 462 F.2d 1205, 1228 (3d Cir. 1972); *Cf. U. S. v. Thompson,* 398 F.Supp. 862 (W.D.Pa.1975).

■ It is difficult to contend that on the facts of this case the prosecutor's comments caused *any* prejudice to the defendant. The comment itself was of minimal duration and seemingly minimal effect. It came in the midst of a long prosecutorial attack upon the defendant's credibility through analysis of serious conflicts between Atwell's testimony and the testimony of his ex-wife and government agents, as well as contradictions within the defendant's own testimony. *Cf. U. S. v. Celcer,* 500 F.2d 345, 346 (5th Cir. 1974). Further, the lack of significance or effect to be accorded to this particular comment is supported by the lack of action of defense counsel during and immediately after the prosecutor's summation. First, no objection was raised during or after the government's closing arguments to the remark that defendant now seeks to raise to the status of reversible error. Secondly, defense counsel never made any request after summation that I charge the jury to the effect that no inference could properly be drawn with respect to Noon's unavailability. Moreover, whatever tactical reasons *might* have augured in favor of silence during the prosecutor's closing, for example a desire to avoid overemphasizing a potentially objectional remark that might otherwise have passed unnoticed, *see U. S. v. Smith,* 500 F.2d 293, 296 (6th Cir. 1974); *Bowles v. U. S., supra,* 439 F.2d at 542, n. 11, those considerations are largely absent with respect to requests to charge. *Cf. U. S. v. Smith,* supra at 296.

■ Moreover, even if some prejudice may have occurred, it was rendered harmless by the charge to the jury which sharply emphasized, in two specific contexts,[2] the

---

1. The usual form of such an instruction is:
 "If it is peculiarly within the power of either the prosecution or the defense to produce a witness who could give material testimony on an issue in the case, failure to call that witness may give rise to an inference that his testimony would be unfavorable to that party. However, no such conclusion should be drawn by you with regard to a witness who is equally available to both parties, or where the witness's testimony would be merely cumulative.
 "The jury will always bear in mind that the law never imposes on a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence." 1 Devitt and Blackmar, *Federal Jury Practice and Instructions* at 249 (1970 ed.).

2. The relevant portions of the charge are as follows:
 Now that I have instructed you concerning the elements of the crimes charged, I will proceed to explain the burden of proof which must be satisfied and the types of evidence which you should consider in determining whether the government has in fact satisfied this burden.
 The law presumes a defendant to be innocent of crime. Thus a defendant, although accused, begins the trial with a "clean-slate"—with no evidence against him. And the law permits nothing but legal evidence presented before the jury to be considered in support of any charge against the accused. So the presumption of innocence alone is sufficient to acquit a defendant, unless the jurors are satisfied beyond a

fact that the law never imposes a duty upon a criminal defendant to proffer *any* evidence or witnesses. *See, U. S. v. Celcer,* 500 F.2d at 347; *U. S. v. Clarke,* 468 F.2d 890, 891 (5th Cir. 1972); *U. S. v. Thompson,* 398 F.Supp. 862, 863–4 (W.D.Pa.1975). *Cf. U. S. v. Dana,* 457 F.2d 205 (7th Cir. 1972). Finally, in this Circuit limited prosecutorial comment on the non-appearance of alibi witnesses presumably favorable to one party is permitted and the prosecutor's remarks in this case fall well within the allowable scope of commentary. *See, U. S. v. Keller, supra; U. S. v. McClain, supra; U. S. v. Kenny, supra.*

> reasonable doubt of the defendant's guilt after careful and impartial consideration of all the evidence in the case.
>
> The burden of proving every element of the charge and thereby the commission of the offense rests with the government. It is not required that the government prove guilt beyond all possible doubt. The test is one of reasonable doubt. A reasonable doubt is a doubt based upon reason and common sense—the kind of doubt that would make a reasonable person hesitate to act. Proof beyond a reasonable doubt must, therefore, be proof of such a convincing character that you would be willing to rely and act upon it unhesitatingly in the most important of your own affairs.
>
> The jury will remember that a defendant is never to be convicted on mere suspicion or conjecture.
>
> The burden is always upon the prosecution to prove guilt beyond a reasonable doubt. This burden never shifts to a defendant; for the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence.
>
> A reasonable doubt exists whenever, after careful and impartial consideration of all the evidence in the case, the jurors do not feel convinced to a moral certainty that a defendant is guilty of the charge. So, if the jury views the evidence in the case as reasonably permitting either two conclusions—one of innocence, the other of guilt—the jury should of course adopt the conclusion of innocence.
>
> \* \* \* \* \* \*
>
> Intent may be proved by circumstantial evidence. Indeed, it can rarely be established by any other means. While witnesses may see and hear and so be able to give direct evidence of what a defendant does or fails ·to do, of course, there can be no eyewitness account of the state of mind with which the acts were done or omitted. But what a defendant does, or fails to do, may indicate intent, or lack of intent, to commit the offense charged.

### B. *Judicial Notice*

Defendant also urges that no substantial evidence exists to support his conviction of 5 counts of violating 18 U.S.C.App. § 1202(a)(1).[3] In particular he asserts there was insufficient evidence to support the jury's finding that he had previously been convicted of a "felony" within the meaning of 18 U.S.C.App. § 1202(c)(2) and that the Court committed error in taking judicial notice of relevant sister-state criminal statutes.

 18 U.S.C.App. § 1202(a)(1) makes it unlawful for a convicted felon to, *inter alia,* possess a firearm[4] in commerce or

> As a general rule, it is reasonable to infer that a person ordinarily intends all the natural and probable consequences of acts knowingly done or knowingly omitted. So, unless the evidence in the case leads the jury to a different or contrary conclusion, the jury may draw the inference and find that the accused intended all the natural and probable consequences which one, standing in like circumstances, and possessing like knowledge, should reasonably have expected to result from any act knowingly done or knowingly omitted by the accused.
>
> Unless otherwise instructed, in determining the issue as to intent, the jury is entitled to consider any statements made and acts done or omitted by the accused, and all facts and circumstances in evidence in the case which may aid determination of state of mind.
>
> But the jury will always bear in mind that the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence.

3. 18 U.S.C.App. § 1202(a)(1) provides that:
> (a) Any person who—
> (1) has been convicted by a court of the United States or of a State or any political subdivision thereof of a felony . . . and who receives, possesses, or transports in commerce or affecting commerce, after the date of enactment of this Act, any firearm shall be fined not more than $10,000 or imprisoned for not more than two years, or both.

4. 18 U.S.C.App. § 1202(c)(3) provides:
> (c) As used in this title—
> (3) 'firearm' means any weapon (including a starter gun) which will or is designed to or may readily be converted to expel a projectile by the action of an explosive; the frame or receiver of any such weapon; or any firearm muffler or firearm silencer; or any destructive device. Such term shall include any handgun, rifle or shotgun; . .

affecting commerce. Further, a felony is defined [5] as an offense punishable by imprisonment for more than one year, but does not include any offense classified as a misdemeanor under state law which is punishable by a prison term of two years or less. However, this exception for state-classified misdemeanor offenses is inapplicable with respect to crimes involving firearms or explosives. In determining whether a state conviction falls within these parameters, the actual sentence imposed is irrelevant. *U. S. v. Latham,* 385 F.Supp. 57 (E.D.Ill.1974) *aff'd* 519 F.2d 1404 (7th Cir. 1975). Instead, the sole factor to be assessed is the length of the maximum prison term that may be imposed after conviction under the particular statute. *Id.* Thus, for a crime not to be within the federal definition of felony, it must either carry a maximum term of less than one year or be classified as a misdemeanor under state law and be punishable by imprisonment for a maximum term of two years or less. However, when the offense involves a firearm the sole question in determining whether it falls within the felony category is whether it provides for imprisonment beyond a one-year period.

■ During trial the Court notified both sides that it intended to take judicial notice of the relevant Maryland statutes for purposes of determining whether the offense that defendant had previously been convicted of was a felony within the ambit of 18 U.S.C.App. § 1202(c)(2). Before addressing the merits of defendant's contentions it is necessary to understand the content and

scope of the Court's power to take judicial notice in this context. First, judicial notice as used in this setting is far broader than the concept of judicial notice enunciated in Rule 201 of the Federal Rules of Evidence. This is because the coverage of Rule 201 is restricted solely to judicial notice of adjudicative facts.[6] *Fed.R.Evid.* 201(a). As a result of such restriction, numerous matters denominated as judicial notice are outside the coverage of Rule 201. 1 Weinstein, *Evidence* ¶ 200[01] (1975). Since the concept of judicial notice in the instant case is not embraced within the category of adjudicative facts, but is rather part of a judge's inherent duty and power to find and apply the law the various procedural guidelines of Rule 201 are inapplicable.

■ Similarly, judicial examination of sister-state law is not affected by Fed.R. Crim.Proc. 26.1.[7] That rule provides a procedural framework for submission of foreign law materials to a court, but only when "an issue concerning the law of a foreign country" has been raised. Moreover, the twin rationales supportive of the Rule 26.1 approach, the general unavailability of foreign legal materials and the frequent need for expert assistance in utilizing these materials have no applicability to a judge's search for sister-state law. 1 Weinstein, *Evidence,* ¶ 200[02] at 200–7.

■ Traditionally federal courts have held that the statute and case law of sister-states is a matter which federal courts are obligated to judicially notice. E. g. *Schultz v. Tecumseh Products,* 310 F.2d 426, 433 (6th Cir. 1962);[8] *Meyer v. Lavelle,*

---

**5.** 18 U.S.C.App. § 1202(c)(2) provides:

(c) As used in this title—

(2) 'felony' means any offense punishable by imprisonment for a term exceeding one year, but does not include any offense (other than one involving a firearm or explosive) classified as a misdemeanor under the laws of a State and punishable by a term of imprisonment of two years or less; . . .

**6.** Fed.R.Evid. 201(a) provides:

(a) *Scope of rule.* This rule governs only judicial notice of adjudicative facts.

For an explanation of the meaning of "adjudicative facts" the Advisory Committee's Note on Rule 201 is particularly instructive.

**7.** Fed.R.Crim.Proc. 26.1 provides:

A party who intends to raise an issue concerning the law of a foreign country shall give reasonable written notice. The court, in determining foreign law, may consider any relevant material or source, including testimony, whether or not submitted by a party or admissible under the Federal Rules of Evidence. The court's determination shall be treated as a ruling on the question of law.

**8.** "The states of the Union are not foreign to the United States or to its courts. Such courts are required to take judicial notice of the statute and case law of each of the states [citations omitted]. 'The law of any State of the Union,

389 F.Supp. 972 (E.D.Pa.1975). *See, Gallop v. Caldwell,* 120 F.2d 90 (3d Cir. 1941). *Accord, Merriam v. Kunzig,* 476 F.2d 1233, 1239 (3d Cir. 1973). *See generally,* 1 Weinstein, *Evidence* ¶ 200[02]. Thus the exercise of the power to take judicial notice in the instant case is well within the ambit of the federal judicial power.

At trial the Government placed into evidence a certified copy of a Maryland judgment and commitment and an arrest warrant. These documents showed that on December 18, 1974, the defendant was convicted in the Cecil County District Court of Maryland of a "gun violation" committed on October 19, 1974. However, the commitment did not specify the statutory section which the defendant was convicted of violating. While the arrest warrant did show he had been charged with an offense under Maryland Code Art. 27, Section 36, that section was amended in 1972 to delete all references to pistols or handguns, unlawful possession of which had been recodified in Art. 27, Section 36B. Since ambiguity thus existed as to exactly which section defendant had been convicted under, the Court took judicial notice of *all* Maryland gun violation statutes. Following an examination of those statutes, the Court concluded

there were no gun violation statutes which provided for a maximum incarceration of less than three years. As a result the jury was instructed that there were no Maryland gun violation statutes that were not felonies within the meaning of 18 U.S.C.App. § 1202(a)(1) and (c). However, the charge[9] took care to point out for the jurors that it was their responsibility alone to determine beyond a reasonable doubt whether Atwell had in fact been convicted of a prior crime.

Aside from defendant's objection regarding the propriety of the Court taking judicial notice of Maryland law, an argument that I specifically hold to be without merit, *see U. S. v. Sorenson,* 504 F.2d 406 (7th Cir. 1974), he also complains that a Maryland gun violation statute exists which provides for a maximum prison term of not more than one year and is thus not a felony under 18 U.S.C.App. § 1202(c). This contention is meritless when placed in context. The statute cited by defendant, *Maryland Code,* Art. 27, Sec. 36E,[10] deals only with failure to return a gun possession permit within ten days following its revocation. Since the defendant testified that he had been convicted of possessing a firearm, this section is obviously inapplicable in the instant case. *See* Docket Item 39 at 26–7.[11]

whether depending upon statutes or *upon judicial opinions,* is a matter of which the courts of the United States are bound to take judicial notice, *without plea or proof.'* " 310 F.2d at 433 (emphasis supplied) quoting *Lamar v. Micou,* 114 U.S. 218, 223, 5 S.Ct. 857, 859, 29 L.Ed. 94 (1885).

9. The charge to the jury on this issue was as follows:

"The term 'felony' as used in 1202(a)(1) and Counts III through VII, means any offense punishable by imprisonment for a term exceeding one year, but does not include any offense (other than one involving a firearm or explosive) classified as a misdemeanor under the laws of a State and punishable by a term of imprisonment of two years or less. If you do find beyond a reasonable doubt that the defendant was convicted of a Maryland gun violation in 1974, then, as a matter of law, I must instruct you that there are no Maryland gun violation statutes which are not felonies within the meaning of 18 U.S.C.App. § 1202(a)(1) and (c). However, you should understand that you are not bound to find

that the defendant was previously convicted of a gun violation in Maryland, unless you are satisfied beyond a reasonable doubt that he was, in fact, so convicted."

10. Art. 27, § 36E(f) provides:

(f) *Revocation.*—The Superintendent may revoke any permit issued or renewed at any time . . . . A person holding a permit which is revoked by the Superintendent shall return the permit to the Superintendent within ten days after receipt of notice of the revocation. Any person who fails to return a revoked permit in violation of this section shall be guilty of a misdemeanor, and, upon conviction, shall be fined not less than $100 or more than $1,000, or be imprisoned for not more than one year, or both."

11. In addition, defendant's testimony is consistent with earlier testimony by a Bureau of Alcohol, Tobacco & Firearms' agent who testified that, upon his arrest, the defendant admitted being convicted in Maryland of unlawfully possessing a firearm.

Finally, defendant's contention that no substantial evidence exists to support the jury's verdicts against him is without merit. Accordingly, an order will be entered denying defendant's motion for a new trial and motion for a judgment of acquittal.