60 F.3d 829
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Ronnie BURCHARD, Defendant-Appellant.
 No. 94-6153.
 United States Court of Appeals, Sixth Circuit.
 June 27, 1995.
 
 Before: KRUPANSKY, MILBURN, and BATCHELDER, Circuit Judges.
 PER CURIAM.
 
 
 1
 Defendant Ronnie Burchard appeals his sentence following his guilty plea to the charge of possession of firearms by a convicted felon in violation of 18 U.S.C. Sec. 922(g)(1). On appeal, the issue is whether the district court erred in sentencing defendant as an armed career criminal pursuant to 18 U.S.C. Sec. 924(e)(1) based, in part, on a 1976 Tennessee state conviction for attempt to commit a felony in violation of Tennessee Code Annotated ("Tenn. Code Ann.") Sec. 39-603 (1975). For the reasons that follow, we affirm.
 
 I.
 A.
 
 2
 On February 7, 1993, defendant Ronnie Burchard waved a semi-automatic pistol in the air in a bar in Dayton, Tennessee. Defendant then left the bar, and the patrons locked the door behind him and called the police. Officers of the Soddy Daisy (Tennessee) Police Department responded to the call and were en route to defendant's home to question him about the incident and his unlawful possession of firearms when the officers noticed defendant driving an automobile. The officers stopped defendant, searched his automobile, and found one M.A.C., Model 1935M, 7.65 chrome finish pistol; one Norinco, Model SKSS, 7.62 x 39mm rifle; and several rounds of ammunition.
 
 B.
 
 3
 On April 13, 1993, defendant was charged in a one-count indictment with possession of firearms by a convicted felon in violation of 18 U.S.C. Sec. 922(g)(1). On June 6, 1994, defendant pled guilty to the indictment pursuant to a plea agreement with the government. Thereafter, a United States Probation Officer prepared a presentence report in which the probation officer determined that defendant was an armed career criminal as defined by United States Sentencing Guidelines ("U.S.S.G.") Sec. 4B1.4(a). The probation officer concluded that the following four prior convictions qualified as predicate offenses under the Armed Career Criminal Act ("ACCA"):
 
 
 4
 Attempt to Commit a Felony (Felonious Assault), November 11, 1976;
 
 
 5
 Aggravated Assault, March 8, 1983;
 
 
 6
 Aggravated Assault, March 8, 1983;
 
 
 7
 Aggravated Assault, September 26, 1985;
 
 
 8
 J.A. 25.
 
 
 9
 Defendant filed objections to the presentence report on August 3, 1994. A sentencing hearing was held on August 22, 1994, during which defendant contested the probation officer's assessment that he qualified as an armed career criminal pursuant to 18 U.S.C. Sec. 924(e)(1). Defendant did not dispute that the two prior convictions for aggravated assault on March 8, 1983, were countable as one predicate offense for sentencing purposes. Defendant also did not dispute that his previous conviction for aggravated assault on September 26, 1985, was countable as a second predicate violent felony under 18 U.S.C. Sec. 924(e). However, defendant contested the probation officer's reliance on his prior conviction for attempt to commit a felony as a predicate violent felony under the ACCA on the grounds that (1) the offense is a misdemeanor under Tennessee law, and (2) defendant actually pled guilty to simple assault, a misdemeanor, and did not plead guilty to the charge of attempt to commit a felony. However, defendant admitted that the judgment entered by the state court stated that he was convicted of attempt to commit a felony.
 
 
 10
 Upon examining the judgment entered in the state court, the district court held that attempt to commit a felony was a "felony" as defined by Tennessee law and that defendant had not pled guilty to a lesser offense. At the sentencing hearing, the government argued that an additional offense, a juvenile adjudication for the offense of felonious assault and carrying a pistol, could serve as a predicate offense for sentencing under 18 U.S.C. Sec. 924(e)(1). However, the district court refused to rely on this conviction as a predicate offense because the government and the probation officer failed to provide certain documents setting forth the facts of the juvenile offense. Defendant also made an oral motion for a downward departure from the sentencing guideline range pursuant to U.S.S.G. Sec. 5K2.10, arguing that the victims of his offense contributed significantly to provoking defendant to possess the guns. The district court denied this motion.
 
 
 11
 Defendant was sentenced to 193 months imprisonment to be followed by a supervised release term of five years. This timely appeal followed.
 
 II.
 
 12
 Defendant argues that the district court erred in counting his prior 1976 conviction for attempt to commit a felony in violation of Tenn. Code Ann. Sec. 39-603 (1975) as a predicate "violent felony" for the purpose of sentence enhancement under 18 U.S.C. Sec. 924(e)(1). Specifically, defendant asserts that an attempt to commit a felony, when punished by imprisonment in the county jail for a term less than one year, is a misdemeanor under Tennessee law.
 
 
 13
 The ACCA establishes a mandatory minimum sentence of 15 years without parole for any person convicted of violating 18 U.S.C. Sec. 922(g) who has had at least three prior convictions for a "violent felony" or a "serious drug offense." 18 U.S.C. Sec. 924(e)(1). The ACCA defines a "violent felony" as "any crime punishable for a term exceeding one year ...." 18 U.S.C. Sec. 924(e)(2)(B).[1] However, pursuant to 18 U.S.C. Sec. 921(a)(20)(B), the term "crime punishable by imprisonment for a term exceeding one year" does not include "any State offense ... classified by the laws of the State as a misdemeanor and punishable by a term of imprisonment of two years or less." Therefore, for defendant to successfully challenge the use of his Tennessee conviction for attempt to commit a felony as a predicate offense under the ACCA, he must show both (1) that an attempt to commit a felony is classified as a misdemeanor under Tennessee law, and (2) that this offense is punishable by a term of imprisonment of two years or less.
 
 
 14
 At the time of defendant's conviction, the crime of attempt to commit a felony was defined as follows:
 
 
 15
 If any person assaults another, with intent to commit, or otherwise attempts to commit, any felony or crime punishable by imprisonment in the penitentiary, where the punishment is not otherwise prescribed, he shall, on conviction, be punished by imprisonment in the penitentiary not exceeding five (5) years, or, in the discretion of the jury, by imprisonment in the county workhouse or jail not more than one (1) year, and by fine not exceeding five hundred dollars ($500).
 
 
 16
 Tenn. Code Ann. Sec. 39-603 (1975). Defendant was sentenced to a term of confinement of 11 months and 29 days on the county penal farm.
 
 
 17
 We conclude that defendant's conviction qualifies as a predicate felony under the ACCA regardless of whether Tennessee classifies attempt to commit a felony as a misdemeanor or a felony. As earlier stated, under the ACCA, a crime may serve as a predicate violent felony if it is "punishable for a term exceeding one year," unless the crime is classified as a misdemeanor by the state and is "punishable by a term of imprisonment of two years or less." 18 U.S.C. Sec. 924(e)(2)(B); 18 U.S.C. Sec. 921(a)(20)(B). The crime at issue in this case is attempt to commit a felony, which is punishable under Tennessee law by a term of imprisonment not exceeding five years. T.C.A. Sec. 39-603 (1975). Because this crime is punishable by a term exceeding one year, it qualifies as a predicate violent felony unless it comes within the exception for crimes punishable by a term of imprisonment of two years or less. To determine whether a crime is punishable by a term of imprisonment of two years or less, we do not look to the actual sentence imposed but to the potential maximum punishment under the statute. United States v. Hassan El, 5 F.3d 726, 733 (4th Cir. 1993), cert. denied, 114 S. Ct. 1374 (1994); United States v. Bregnard, 951 F.2d 457, 460-61 (1st Cir. 1991), cert. denied, 112 S. Ct. 2939 (1992); United States v. Atwell, 71 F.R.D. 357, 361 (D. Del. 1976), aff'd, 559 F.2d 1209 (3d Cir. 1977). Because the crime of attempt to commit a felony is punishable under Tennessee law by a term of up to five years, it does not fall within the exception. Therefore, we conclude that defendant's conviction was countable as a predicate violent felony under the ACCA and hold that the district court did not err is sentencing defendant as an armed career criminal.
 
 III.
 
 18
 For the reasons stated, the judgment of the district court is AFFIRMED.
 
 
 
 [1]
 Because the 1976 conviction at issue here was for attempt to commit a felony (felonious assault), it meets the requirement under 18 U.S.C. Sec. 924(e)(2)(B)(i) that a "violent felony" have as an element "the use, attempted use, or threatened use of physical force against the person of another."