**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 16-2748

UNITED STATES OF AMERICA

v.

MIGUEL FIGUEROA,

Appellant

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Criminal Action No. 2-15-cr-00098-001)
District Judge: Honorable Kevin McNulty

Submitted Under Third Circuit LAR 34.1(a)
March 20, 2017

Before: AMBRO, JORDAN, and ROTH, Circuit Judges

(Opinion filed:  April 19, 2017)

OPINION[*]

AMBRO, Circuit Judge

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

In September 2014, Newark, New Jersey Police Department officers patrolled a high crime area where they noticed Miguel Figueroa remove a black object from his lap and place it in his pocket. When the officers announced their presence and asked Figueroa to stop, he fled. The officers then chased and tackled him, whereupon they found a handgun in his pocket. Before being read his *Miranda* rights, Figueroa told officers he had acquired the handgun to protect himself from the Latin Kings gang.

At an evidentiary hearing, Figueroa moved to suppress the handgun and his post-arrest statement. Both he and the arresting officers testified as to the events leading to the arrest. The District Court denied the motion to suppress, finding the officers' testimony was credible and Figueroa's account of the events inconsistent and unconvincing. Following the denial of his motion to suppress, Figueroa was convicted for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). He was sentenced to 65 months' imprisonment followed by a two-year period of supervised release.

Figueroa challenges the District Court's denial of his motion to suppress, contending the Court erred in deeming the officers credible and finding their stop of him to be legal. On appeal, Figueroa's counsel filed a motion to withdraw as counsel pursuant to *Anders v. California* because he believed the "case to be wholly frivolous. . . after a conscientious examination" of the possible grounds for appeal. 386 U.S. 738, 744 (1967). He properly provided the Court with the requisite "brief referring to anything in the record that might arguably support the appeal." *Id*. Figueroa then filed a *pro se* brief challenging the District Court's denial of his motion to suppress on the above grounds.

2

Because he raises the same points on his own that counsel found to have no merit, we will address them directly and, in so doing, grant counsel's motion to withdraw.

Because credibility determinations are in the province of the fact finder, they are something of which we typically steer clear. *United States v. Bethancourt*, 65 F.3d 1074, 1078 (3d Cir. 1995). Indeed, in *Government of the Virgin Islands v. Gereau* we stated that the credibility determinations of a fact finder were "not subject to appellate review." 502 F.2d 914, 921 (3d Cir. 1974) (citing *United States v. Brown*, 471 F.2d 297, 298 (3d Cir. 1972)). This is so because those conclusions "may be influenced by factors such as a witness' demeanor, his tone of voice and other matters not subject to appellate scrutiny." *Id.*

Figueroa argues the officers seemed suspicious and uncomfortable while testifying, and therefore the District Court's determination that they were credible is incorrect. However, the District Court noted the "impress[ive] . . . consistency and cogency of [the officer's] accounts of the events" while also recognizing inconsistencies in Figueroa's testimony. *United States v. Figueroa*, 2015 WL 7756008, at *2 (D.N.J. Nov. 30, 2015). In this context, the assessment of credibility here is not a thicket into which we enter.

Similarly, Figueroa's challenge to the legality of his *Terry* stop is unconvincing. Under *Terry v. Ohio*, officers may perform brief investigatory stops when reasonable suspicion is met. 392 U.S. 1, 27 (1968). Reasonable suspicion is analyzed by the totality of the circumstances and can include the defendant's "location, a history of crime in the area, [defendant's] nervous behavior and evasiveness, and [the officers'] commonsense

3

judgments and inferences about human behavior." *Johnson v. Campbell*, 332 F.3d 199, 206 (3d Cir. 2003) (internal quotations and citations omitted). The District Court correctly noted *Terry* stops have previously been found constitutional based on a defendant's presence in a high crime area and flight upon seeing police – even without their noticing a gun on a defendant. *See Illinois v. Wardlow*, 528 U.S. 119, 124 (2000); *United States v. Brown*, 448 F.3d 239, 251 (3d Cir. 2006). The District Court did not err in finding Figueroa's stop valid because his presence in a high crime area, pocketing of what looked like a gun, and flight, aroused reasonable suspicion.

As we will not disturb the credibility determinations as to the officers and Figueroa, and reasonable suspicion existed in this case, the stop of Figueroa was valid. Accordingly, we affirm and grant counsel's motion to withdraw.